THE PRESIDENT, DIRECTORS AND COMPANY OF THE NEW-JERSEY PROTECTION AND LOMBARD BANK *against* THORP.

A foreign corporation may sue in this court.

THE plaintiffs were incorporated by an act of the legislature of *New-Jersey*, reserving the right to repeal or

And where, after suit commenced, the act of incorporation was repealed, and the property of the corporation vested in trustees who were authorized to sue, and be substituted for the corporation in suits brought ; on motion, the trustees were made parties to the suit, instead of the corporation.

modify the act at any time. The plaintiffs sued in this court for a debt due to them. Afterwards the legislature of *New-Jersey* repealed their charter, and passed a law vesting all the property of the corporation in three trustees. This last act was passed *November 23d*, 1825; and afterwards, in *December* of the same year, the legislature passed a supplemental act, authorizing the trustees to maintain suits in their own names as trustees; and providing that they should be substituted for the plaintiffs in suits before commenced in the name of the plaintiffs.

*P. W. Radcliff* moved that these trustees be substituted in this suit accordingly. He cited 4 *John. Ch. Rep.* 370, 372, and the cases there cited.

*D. Selden*, contra, cited 1 *Bl. Com.* 512; *id.* 311; 2 *Kyd on Corp.* 516; 3 *Ves.* 429, 435; 10 *Ves.* 352; 8 *Wheat.* 488; 3 *T. R.* 727; 1 *H. Bl.* 123; 3 *Cranch*, 319.

*Curia.* It was very properly conceded on the argument, by the counsel for the defendant, that foreign corporations may sue here. Nothing is better settled. (4 *Cowen*, 529, *note, and cases there cited.*) Is this case, then, distinguishable in principle? We think not. The act does not interfere with an existing remedy of our own. It was likened to the case of the assignees of foreign bankrupts, who, as it is held by some cases, cannot sue here. (*Vid.* 4 *Cowen*, 530, *note, and cases there cited.*) But the cases are not similar. Though bankrupt assignments are sanctioned by statute, they have been regarded in the light of voluntary assignments; and when they relate to choses in action, we may apply our own remedies; holding that the suit must still be in the name of the original creditor. These trustees are a *quasi* corporation; and come directly within the rule which gives an action here in favor of a foreign corporation.

Motion granted.