IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK,

IN JANUARY TERM, 1833, IN THE FIFTY-SEVENTH YEAR OF OUR INDEPEN-
DENCE.

---

## HOLMES *vs.* BROUGHTON.

Where a plea was interposed setting forth a *former recovery* for the same
causes of action in a court of the state of *Vermont*, and a satisfaction of the
judgment there *by appraisement of lands upon execution* issued upon such
judgment, IT WAS HELD, that such satisfaction being by a course of pro-
ceeding unknown to the *common law*, the defendant was bound, if the pro-
ceeding was authorized by the *statute law* of the state of Vermont, to set
forth the statute, so that the court might see that the proceedings had been
conformable thereto; and that a general averment *that the proceedings were
according to the laws of the state of Vermont, and fully authorized thereby*, was
not sufficient.

This court cannot take judicial cognizance of any of the laws of our sister
states at variance with the *common law*.

*It seems*, however, that upon a *common law question* the legal presumption is,
that the *common law* of a sister state is similar to that of our own.

DEMURRER to plea. The plaintiff declared in debt on judg-
ment rendered in this court in the term of August, 1815, for
the sum of $830,42. The defendant pleaded that in June,
1818, the plaintiff commenced a suit on the judgment now
sought to be enforced, in the county court of the county of Rut-
land, in the state of *Vermont*, and that such proceedings were
thereupon had that in the term of June of that court in the

year 1819, the plaintiff recovered a judgment for his *debt,* also $226,25 as *damages,* and $24,75 as *costs.* That on the 4th October, 1819, an execution was sued out on the judgment so obtained in the county court of Rutland, by which the sheriff of Rutland was commanded to cause the monies aforesaid to be levied as the law directs, of the goods and chattels or lands of the defendant, and paid to the plaintiff; that on the 22d October in the same year the sheriff returned the execution and certified in substance that he had levied upon the lands of the defendant in the town of Wells, in the county of Rutland, and had *caused the same lands with the appurtenances to be appraised* by three freeholders, who had appraised the same at $1108,02, to the full satisfaction of the execution and the costs thereon accruing; *concluding* with an averment that the return of the sheriff was in all respects true, referring to the execution and return remaining of record in the county court of Rutland, and that *the proceedings under the execution were according to the laws of the state of Vermont, and were fully authorized thereby.* To this plea the plaintiff demurred.

*J. Holmes, jun. & S. Stevens,* for the plaintiff.

*M. T. Reynolds,* for the defendant.

*By the Court,* SAVAGE, Ch. J.   The question is whether the proceedings alleged to have been had in the state of Vermont are well pleaded ? It is laid down by Mr. Chitty that the courts do not *ex officio* take notice of foreign laws, and consequently they must in general be stated in pleading.   1 *Chitty's Pl.* 221.   The question arose in *Collett* v. *Keith,* 2 *East,* 261, which was an action of trespass for seizing and taking a ship at the Cape of Good Hope, to wit, &c.   The defendant, among other things, pleaded, that the settlement of the Cape of Good Hope was subject to foreign, to wit, Dutch laws; that the ship was within the jurisdiction of the supreme court there, and that certain proceedings were instituted and had ; that the defendants, according to the foreign laws of the place, the said court having competent jurisdiction, were authorized and ordered to take and detain the ship.   To this plea there

was a demurrer. In deciding the case, Grose, justice, said, that the plea was too general; that it was not enough to state that the vessel was within the jurisdiction of the court which was governed by foreign laws, and that certain proceedings were instituted; but the defendant should have shewn what the foreign law was which gave jurisdiction to the court. The court, however, put the decision upon another defect in the plea, viz. that the defendant had not sufficiently shewn his authority. The question has been directly decided in the supreme court of Massachusetts. In the case of *Walker* v. *Maxwell*, 1 *Mass. R.* 103, it was held, that a defendant who relies upon the statute of another state, must in his plea set out the statute, that the court may see 'whether the proceedings were warranted by the statute or not, and the genral allegation that the proceedings were pursuant to the statute is not sufficient. That was an action on a promissory note, so called in the declaration, by which Lyon and Maxwell promised the plaintiffs, by the name of James Chase & Co., to pay them 35 dozen wool cards on a certain day. Maxwell defended and pleaded that an action was brought by one Cole in the common pleas of Bristol county, in the state of Rhode Island, against Chase one of the plaintiffs in this action, upon a certain note which is set forth of which Cole was endorsee, and that Cole *pursuant to the statute of the state of Rhode Island in such case made and provided,* directed the sheriff to serve the original writ upon the defendants, Lyon and Maxwell, for the purpose of *attaching* the personal estate of Chase in their hands; that *in pursuance of the statute aforesaid,* service was so made, that Lyon and Maxwell, *pursuant to the statute aforesaid,* appeared and submitted to examination; &c., that judgment was rendered in favor of Cole against Chase, as appears by the record; and further, that Cole prosecuted an action in the said court *in pursuance of the statute aforesaid,* against the defendants Lyon and Maxwell upon the note now declared on, and set forth the proceedings against Chase, and judgment; whereby Lyon and Maxwell became liable to pay the value of the wool cards attached as aforesaid &c.; stating a judgment in favor of Cole against Lyon and Maxwell for the amount, &c. To this plea the plaintiff demurred and assigned several cau-

ses of demurrer, one of which is that it does not appear by the plea what the said statute or law is, which is mentioned as a statute in said plea, nor by what law or authority the court of common pleas in Bristol county in Rhode Island, gave the judgment described in the plea. The whole court were of opinion that the plea was bad for the cause assigned ; they said that the plea should have set forth the statute of Rhode Island, that the court might see whether the proceedings stated in the plea were authorized. That the common law might be considered common to both states, and regulating the proceeding of courts of justice in both ; but the proceedings stated in the plea being of a peculiar kind, and so different from the common law, the statute ought to be shewn to them, and the general allegation that the proceedings were pursuant to the statute of Rhode Island was not sufficient. The case of *Pearsall* v. *Dwight*, 2 *Mass. R.* 34, shows what is considered sufficient in that state. There the defendant pleaded the statute of limitations of the state of New-York ; the part of the statute upon which he relied, was pleaded with a profert of the exemplification of the whole statute, with necessary averments ; and it was held by Parsons, chief justice, that, notwithstanding the profert of the exemplification of the statute, the court could not take notice of any part of the statute not shown in the plea ; that if the opposite party relied on any part of the same statute, he should have prayed oyer and spread the whole statute upon the record. Again, in the case of *Legg* v. *Legg*, 8 *Mass. R.* 99, the same court declare that they could not judicially take notice of the laws of Vermont, and that upon the point there stated, which was a common law question, they must presume the laws of Vermont to be similar to their own. The doctrine of this highly respectable court seems to me to be sound ; and if so, the plea in this case is defective, in not setting forth the statute of Vermont, if any, authorizing the proceedings stated to have taken place, that the court may see how those proceedings constitute a bar to the plaintiff's action. This court cannot take judicial cognizance of any of the laws of our sister states at variance with the common law. The proceedings stated are not common law

proceedings, and the authority for them must be specially set forth.

Judgment for plaintiff on demurrer, with leave to defendant to amend on payment of costs.