Per Curiam.
We think the cause was rightfully disposed of by the circuit judge. The onus probandi was upon the defendant to show the law of Ohio to be different from that of this state, if he wished any advantage from it. In the absence of such proof, the court, in cases like the present, should act according to its own laws.
New trial denied.(a)

 As to the first point decided in this case, the rule is well settled, that in the absence of evidence to the contrary, the court were bound to presume the requirements of the common or commercial law of Ohio to be the same as our own in regard to the steps necessary to charge an endorser. Accordingly, in Brown v. Gracey, (2 Dowl. & Ryl. 41, note (a), 16 Eng. Com. L. Rep. 426, note (b), S. C.,) where the promissory note sued upon was made in, and governed by, the law of Scotland, the defendant objected that no recovery could be had till proof was given that by the law of Scotland he was liable. But Abbott, Ch. J. held the contrary; and he laid down the rule broadly, that if the law of Scotland differed from the law of England as to the liability of the defendant, it lay upon the defendant to show it. The other judges were *203 of the same opinion. (S. P., Harris v. Allnut, 12 Lou. Rep. (Curry,) 465. See also Sherrill v. Hopkins, 1 Cowen’s Rep. 103, 109; Holmes v. Baughton, 10 Wendell, 75 ; Legg v. Legg, 8 Mass. Rep. 99; Harper v. Hampton, 1 Harr. John. 622 ; Arayo v. Currell, 1 Mill. Lou. Rep. 528, 540, 1; Crozier v. Hodge, 3 id. 357,8; Starr v. Peck, 1 Hill, 270; Dunn v. Adams, 1 Alab. R. (new series,) 527.)
The second point was in effect, that the New-York rate of interest would have been the proper allowance, under the existing state of the proof, had not the plaintiff voluntarily relinquished one per cent. This, beside being within the principle of the rule above stated, will be found sustained by several authorities, some of which are quite direct. Forsyth v. Baxter, (2 Scammon’s (Illinois) Rep. 9,) decided in 1839, is, indeed, to the very point. The reporter’s abstract of the decision is thus: “ Where a note is made in another state, interest will be allowed according to our laws, where there is no averment of the laws of the foreign state, or that interest is there recoverable.” See also what was said by Walworth, chancellor, in Hosford v. Nichols, (1 Paige, 220, 226.) In a case previous to Forsyth v. Baxter, supra, in the same court, (Mason v. Wash, Breese’s (Illinois) Rep. 16,) it was held, that an endorser of a note made in, and governable by, the laws of New-York, could not be charged by a demand and notice, such as would be sufficient here, unless our law was shown ; because the statute of Illinois required more. The supreme court of that state, therefore, followed their own statute. In Prince v. Lamb, (Breese’s Rep. 298,) interest was held recoverable on a judgment of another state, without any averment in the declaration that, by the law of the state where the judgment was rendered, the plaintiff had a right to interest; but on what precise principle the court proceeded, does not appear. In Allen v. Watson, (2 Hill’s (So. Car.) Rep. 319, 322,) the plaintiffs sought to recover a sum of money as belonging to them, which the defendants had won at a faro table, in Georgia. The defendants insisted, that before the plaintiffs could recover, they must show playing at faro to be unlawful by the law of Georgia. The court however said: “ It is true, the legality or illegality of any transaction must depend on the law of the place where it transpires, but it is incumbent on those who would avail themselves of it to show what that law is. In this state, (South Carolina,) playing at faro is unlawful and punished by fine; and if we are obliged to determine that question in utter ignorance of what the law of Georgia is, we must resolve it by our own rule, for the obvious reason that we have no other. See also Harris v. Allnut, (12 Lou. Rep. (Curry,) 465,) where the court seem to have acted on a like principle, viz. that in the absence of proof of a foreign law, they would be guided by their own statute.
Peacock v. Banks, (1 Alab. Rep. (Minor) 387,) is against the doctrine of the principal case. There it was held, that the court will not act on its own laws in determining the rate of interest on a note payable in another state, but the foreign rate must be proved by the party seeking to recover, in the first instance. (See S. C. cited in Chitty on Bills, 666, (Am. ed. of 1839,) note (1). See also Williams v. Wade, 1 Metcalf’s Rep. 82 ; Greenwade v. Greenwade, 3 Dana's Rep, 495.)