CHRISOST BECHT, Appellant, *vs.* D. S. HARRIS, ET ALS., Respondents.

Certain Defendants were sued as members of a joint stock company, but alleged in their answer that they were incorporated pursuant to an act of the Legislature of the State of Illinois, entitled " An act," &c., (giving the *title* of the act) and that the Court had no jurisdiction of the Defendants, there having been no service upon the corporation. *Held*—That the Defendants should have set forth the act of incorporation in full, and not merely the title of the act. *Sections 2 and 7, of Chap.* 66, *p.* 605. *Stat. of Minn.*, do not apply to foreign corporations setting up a defence to an action in this State.

A stipulation providing that " all the material allegations of new matter contained in the answer, should be considered as denied," is sufficient to put in issue the allegations in regard to the Defendant's incorporation.

A general law for the incorporation of transportation companies, provided, amongst other prerequisites to the incorporation, that a certain certificate should be recorded by the Secretary of State, and that the company should be a body corporate upon the recording of such certificate. The articles of incorporation cannot be offered in evidence without showing that such certificate had been made and recorded, and that all the steps required by the statute to constitute the members a body politic and corporate, have been taken.

The issues in this case were made up by stipulation, and referred by the parties to John M. Gilman, Esq., as special referee, to hear and determine, &c.

One of the separate defences of the Defendants were, that they were a corporation duly incorporated under a general incorporation law of the State of Illinois. The referee found this allegation in favor of the Defendants, and reported in their favor, upon which report a judgment was entered. The Plaintiff appeals from the judgment, and a case was agreed upon

and annexed to the record, containing the evidence offered upon the issue of the incorporation.

Points and authorities of the Appellant :

*First.*—The Statutes of another State, being foreign laws, to be admissible in evidence under our system of practice, must be pleaded, either substantially or *in haec verba.* 1 *Chitty Pl.* *9th Amer. Ed.* 216 *and note ; Holmes vs. Broughton*, 10 *Wend.* 75 ; *Walker vs. Maxwell*, 1 *Mass.* 103 ; *Legg vs. Legg*, 8 *Mass.* 99 ; 2 *Mass.* 84, *Beauchamp vs. Mudd, Hardin* 103 ; 2 *U. S. Digest, p.* 436 *and* 7, *Title Foreign Laws.*

*Second.*—Proof of the existence of a foreign corporation, cannot be made, under our system of practice, without pleading the charter under which such corporation claims to have organized ; whether such charter be a regular charter, issued by the proper officer of the government, or a special act of the Legislature. 1 *Saunders* 340, *Mellar vs. Spateman ;* 1 *Coventry & Hughes Dig. p.* 380, *Sec.* 4 ; *Stoddard vs. Onondaga Ann. Conference*, 12 *Barb.* 574 *and* 577.

*Third.*—The existence of a foreign corporation must be proved by the production of the charter under which it claims to act, and the mere production of a general law, authorizing the formation of incorporated companies upon complying with certain prerequisites, is insufficient. *Welland Canal Co. vs. Hathaway*, 8 *Wend.* 486 *and* 487 ; *U. S. Bank vs. Stearns*, 15 *Wend.* 314 ; *Waterville Manu. Co. vs. Bryan*, 14 *Barb. S. C. R.* 185 ; 13 *N. Y.* 314.

*Fourth.*—That under the General Act of the Legislature of the State of Illinois, entitled " An Act to provide for the incorporation of transportation companies," approved June 23, 1852, the certificate of the Secretary of State prescribed and provided for in the third section of said act, is the only evidence of the incorporation of a company claiming to have organized under said law. *See Sec.* 3 *and* 4 *of act referred to in point.*

*Fifth.*—That it is improper and erroneous in a Court or referee to admit evidence of the organization of a body claiming to be a foreign corporation, until its authority to organize has first been established by competent proof.

*Sixth.*—That where it appears from the evidence that a com-

pany claiming to be a foreign corporation, keeps records of all its acts and doings, parol testimony of such acts is inadmissible and incompetent. *The President and Directors of the High. Tenn. P. Co. vs. McKean,* 10 *John.* 154 ; *Twings vs. Speed et al.,* 4 *Wheat.* 420 ; *Smith vs. Natchez Steam Bt. Co.* 1 (*Miss.*) *How. R.* 479.

*Seventh.*—That where it appears from the record in the Supreme Court that the Plaintiff established his case in the Court below, and that the evidence on the part of the Defendant was insufficient to sustain his defence, the Court is to presume that he had made all the proof he could, and to render judgment for the Plaintiff, the judgment in the Court below to the contrary notwithstanding. *Stat. of Minn. p.* 621, *Sec.* 8 ; *Wheeler vs. Shields,* 5 *Scam.* 348 ; *Cartwright vs. Carpenter,* 7 *How.* (*Miss.*) 238.

*Eighth.*—That a new trial will not be granted by the Supreme Court for the benefit of a party who has sustained no wrong by the ruling of the Court below ; but should enter such judgment, as from a view of the record should have been rendered by the referee or Court below. *Comm. vs. Ellis,* 11 *Mass.* 462.

Points and authorities of Respondents :

*First.*—This appeal will not bring into this Court, the case or bill of exceptions, for the purposes of review. Although the report of the referee stands as the decision of the Court below, it is still only a report of an officer of the Court, and his errors (if any) upon the trial have not been passed upon by the *Court* below. *Babcock & Hollinshead, vs. Sanborn & French,* 3 *Minn. R.* ; *Con. of the State, Art.* 6, *Sec.* 1, 2.

*Second.*—"In actions by or against corporations under the laws of this State, it shall not be necessary to set forth in the complaint or *answer* the act or acts of incorporation, or the proceedings by which such corporation was created, or to set forth the substance thereof, but the same may be *proved* by reciting the title of such act." *Stat. of Minn. p.* 605, *Chap.* 6, *Sec.* 6. "A foreign corporation created by the laws of any other State or country, may prosecute in the Courts of this

State, in the same manner as corporations created under the laws of this State." *Sec. 2, same Chapter.*

*Third.*—And, without this Statute, although Courts will not take notice, *ex-officio* of the laws of other States, an exception is made even at common law in favor of foreign corporations. *Bank of Mich. vs. Williams,* 5 *Wend.* 482; 1 *John. Ca.* 132; 16 *John. R.* 43; 4 *John. Ch. R.* 372; 4 *Cowen* 530, *notes*; 6 *Id.* 46; 1 *Strange,* 612; 2 *Ld. Raym.* 1532–5; 4 *Bur.* 130; 2 *Kernan,* 569; *A. & A. on Corp.* 5589, *and cases cited.*

*Fourth.*—The pleadings raise no issue upon the fact of the incorporation. See the *stipulation* joining issue in lieu of reply—*Bank of Geneva vs. The Patchin Bank,* 3 *Kernan,* 313; *Sec. 7, Chap.* 66, *Stat. of Minn. p.* 605.

And consequently *no* evidence of the incorporation was necessary. *Angel & Ames on Corp. p.* 690–1, *Secs.* 633–4, *and notes*; 6 *Hill. R.* 501.

*Fifth.*—The filing of the certificate under the general law, was the only pre-requisite step necessary to entitle the Defendants below to act thereunder; and therefore evidence of *user* of the franchise was unnecessary. *Angel & Ames on Corp. p.* 693, *Sec.* 635, *and cases cited.*

*Sixth.*—The evidence of the general law, and the certificate filed thereunder, were equivalent to a private act of incorporation, and the authentication thereof under the seal of the State was sufficient evidence of the incorporation, without further proof. *Angel & Ames on Corp. p.* 692, *Sec.* 635, *and a number of cases there cited.*

*Seventh.*—The evidence of *user* (see evidence of Orrin Smith) was full and complete.

*Eighth.*—This Court will not reverse the judgment of the Court below, and order a judgment here, in favor of the other party, in a case where it is manifest that the fact found in favor of the prevailing party, was in accordance with the evidence, although there might have been error in receiving that evidence, and where there is *no evidence* produced by the unsuccessful party, showing or tending to show that such fact found was not true. It is only in cases where there exists an agreed state of facts, and the general conclusion upon these facts was erroneous, that the Court will order judgment here. If error

existed in the rulings by the referee, the Defendant should have a new trial, in cases where manifest injustice would result from entering a judgment here. *Stat. of Minn. Sec.* 8, *p.* 621; 4 *Selden,* 107.

D. Cooper, Esq., Counsel for Appellant.

Van Etten & Officer, and Wm. Hollinshead, Counsel for Respondents.

*By the Court*—Atwater, J. The Appellant brought an action in the District Court for the Second Judicial District, against D. S. Harris, Benjamin W. Campbell and Orrin Smith, for the recovery of the value of certain personal property. The complaint alleges that the Defendants (together with other persons to the Plaintiff unknown) composed the Company known as, and doing business under the name and style of the "Galena, Dunleith and Minnesota Packet Company." The complaint proceeds with the usual allegations to charge the Defendants as common carriers, and alleges the reception and loss by them, of goods belonging to the Plaintiff, of the value of three hundred and ninety-six dollars and fifty cents, for which amount the Plaintiff demanded judgment.

The Defendant D. S. Harris, answered, and among other matters alleged as follows :

"This Defendant avers and says, that said ' Galena, Dunleith and Minnesota Packet Company' was at the time said Plaintiff's pretended cause of action accrued, and was at the time of the commencement of this action, a foreign corporation, duly incorporated and organized under and by the laws of the State of Illinois, and pursuant to an Act of the Legislature of said State, entitled ' An Act to Provide for the Incorporation of Transportation Companies,' passed and approved June 23, A. D. 1852, and this court has no jurisdiction of the Defendants, and had acquired, at the time this action was commenced, no jurisdiction of said corporation, the ' Galena, Dunleith and Minnesota Packet Company,' and therefore this action cannot be maintained against this Defendant."

There were other allegations that the cause of action ac-

crued, if at all, in favor of the Plaintiff against said Packet Company, as a corporation, and not against the Defendant; also, that it accrued, if at all, within the jurisdiction of the State of Illinois, &c. The cause was referred to John M. Gilman, Esq., who made a report in favor of the Defendants. The Plaintiff filed exceptions to the report of the referee, and brings appeal to this court.

The Respondent takes the objection, that the appeal will not bring into this court the case or bill of exceptions, for the purposes of review. The statute provides, (*Sec.* 54, *p.* 564, *Comp. Stat.*) that the report of the referee upon the whole issue, stands as the decision of the court, &c., and that such decision may be excepted to and reviewed in like manner. The same point was made, and the views of the court thereon expressed by his Honor, Justice Flandrau, in the case of *Carson & Eaton, Appellants, vs. Orrin Smith, et al., Respondents*, decided at the present term, and it is unnecessary further to consider the question in this connection.

Upon the trial of the action, the Defendant, to prove that the " Galena, Dunleith and Minnesota Packet Company " was a foreign corporation, offered in evidence an Act of the Legislature of the State of Illinois, entitled "An Act to Provide for the Incorporation of Transportation Companies," approved June 23, 1852. To this evidence the counsel for the Plaintiff objected, on the ground that it was inadmissible under the pleadings. The objection was overruled, and exception taken.

It is urged by the counsel for the Plaintiff that the Defendant cannot be permitted to prove the act under which the Company was incorporated, on the ground that it has not been properly pleaded, and that the Defendant should have set forth the act in full in his answer. I think the objection well taken.

It is a general principle that courts cannot judicially take notice of the laws of a foreign State, and that they must be proved like any other fact. And in order to be proved, they must be properly pleaded, (1 *Chitty Pl.* 9th *Ed. p.* 216; *Gould's Plead. Chap.* 3, *Sec.* 16), in which it is stated, that in pleading a private statute, the statute itself, or at least so much as is material to the case, must be recited by the party complaining or defending under it. And the reason for the

rule would be applicable to the pleading the public statute of a foreign State.   *Walker vs. Maxwell*, 1 *Mass.* 102 ; *Pearsall vs. Dwight*, 2 *Mass.* 84 ; *Legg vs. Legg*, 8 *Mass.* 99 ; 10 *Wen.* 75 ; 4 *Phil. on Ev.* (*Cow. & Hills' notes*) 3d *Ed.* 251, *and cases cited.*

But it is urged that the statute of this State has changed the rule in this respect, and we are cited to *Sections* 2 *and* 7 *of Chapter* 66, *p.* 605, *Comp. Stat.*  Section 7 provides that " in actions by or against corporations, under the laws of this Territory, it shall not be necessary to set forth in the complaint or answer, the act or acts of incorporation, or the proceedings by which such corporation was created, or to set forth the substance thereof, but the same may be proved by reciting the title of such act."   The object of this section was doubtless to change the rule of pleading in the matter specified, existing at the time of the passage of the act, and it has changed it to the extent stated in the section.   But by its terms it is limited to corporations " created under the laws of this Territory," (now State,) and not only cannot fairly by implication be extended to others, but the very fact, that it is so limited, is equivalent to a direct statement that it was not intended to apply to corporations created by other than the laws of this State. For the maxim is here applicable, *expressio unius, exclusio alterius.*   Nor is the probable reason for the change, (to wit, that the court will take judicial notice of the statutes of this State), applicable to the case of corporations created by the laws of other States.   On the contrary, the reason given in the cases above cited, why such statutes should be set out in full, exists, and has as much force now as then.

Nor does the second section of the act above referred to, have the effect to change the former rule of pleading.   That provides that " a foreign corporation, created by the laws of any other State or country, may prosecute in-the courts of this Territory, in the same manner as corporations created under the laws of this Territory, upon giving security for the payment of costs of suit, in the same manner that non-residents are required by law to do."   This section, in terms, is applicable only to foreign corporations *prosecuting* in the courts of this Territory, (or State,) and not to parties setting up as a

defence, that they are a foreign corporation. The manifest object of this section is, to afford such bodies a *status* in court, as it is only as a matter of comity, that their existence is recognized beyond the jurisdiction of the State, by the laws of which they are created, as such laws have no force, *ex proprio vigore*, beyond the Territory of the sovereignty which enacted them. 6 *Hill*, 526. That the intent of this section was only to effect the object above indicated, seems to be recognized in the 4 *Barb. S. C.* 130, in the construction given by the court to a similar statute in New York. And in *Stoddard vs. Onondago Ann. Conf.* 12 *Barb.* 573, it is held, " that a corporation is held to greater strictness in pleading where it is sued, and undertakes to justify in its corporate capacity or title, than when it sues." Here, although the corporation is not sued, yet the Defendants seek to escape liability on the ground that they are members of a foreign corporation, and if in any case of this kind. strictness in pleading is required, the present does not furnish an exception.

The Statute of New York provides, (2 *Rev. Stat. Sec.* 3, *p.* 458), that in suits brought by a corporation created under any statute of that State, it shall not be necessary to prove on the trial of the cause the existence of such corporation, unless the Defendants shall have pleaded in abatement or in bar, that the Plaintiffs are not a corporation. But it by no means follows, that in a suit against a corporation, the Plaintiff is relieved from the necessity of proving the existence of the corporation; on the contrary, in *Stoddard vs. Onondaga Ann. Conference*, it is held that the rule is applicable only to suits *brought by* a corporation. And if the Plaintiff sueing a foreign corporation, must set forth the facts, showing its organization and existence, we see no reason why the Defendant, interposing such defence, should not be held to the same rule. And as a law of a foreign State is one of the essential facts to be established, the principle decided in *Holmes vs. Broughton*, 10 *Wend.* 75, is here applicable, and the Statute of Illinois authorizing the formation of the corporation, should have been set forth, that it may be seen how that statute and the proceedings under it, constitute a bar to the Plaintiff's action.

It is urged by the counsel for the Defendants, that although

courts will not take notice *ex officio*, of the laws of other States, an exception is made even at common law in favor of foreign corporations, and we are cited in support of this proposition to 5 *Wen.* 482 ; 1 *John. Ca.* 132 ; 16 *John.* 434; *John. Ch. R.* 372 ; 4 *Cow.* 530 ; 2 *Kernan,* 569 ; 6 *Cow.* 46 ; *A. & A. on Cor.* 568–9. I have examined all these cases and cannot find that they go farther than to hold, that a foreign corporation may maintain an action in that State, and perhaps without any allegation or proof of its corporate character, unless the same be denied, under the provision of the New York Statute above referred to. It is doubtless true, that upon a common law question, the legal presumption is, that the common law of a sister State is similar to that of our own. But as corporations are creatures of the statute, and not of the common law, that question is not involved in the consideration of this case.

It is further urged by the Defendant, that the pleadings raise no issue upon the fact of incorporation. But in the bill of exceptions we find, " that before proceeding with the trial of the action, it was stipulated and agreed by and between the counsel for the Plaintiff and Defendants respectively, that all the material allegations of new matter contained in the Defendant's answer, should be considered as denied, and put at issue, as fully to all intents and purposes, as if the said Plaintiff had regularly made and served his reply thereto." So far as the allegations in regard to the corporation are concerned they are new matter, and put in issue (so far as well pleaded) by the stipulation.

The Defendant's counsel then offered in evidence, the articles of association of the " Galena, Dunleith and Minnesota Packet Company," to which counsel for the Plaintiff objected, on the ground that the same were inadmissible under the pleadings, and that said evidence was incompetent to prove either the incorporation or organization of said company. The objection was overruled, and the Plaintiff excepted.

If the views above expressed as to the necessity of pleading the law under which the corporation was organized, are correct, then the objection to the admissibility of the charter under the pleadings is well taken. But aside from this, there is a further objection to the admission of this evidence. The

third section of the act referred to, provides for the filing with the Secretary of State, and the recording by him, of a certain certificate, specified in the act, and provides that thereupon, the Secretary of State shall issue a certificate to the association, in the form in said section provided. And " which certificate " (the act goes on to state) " the Secretary shall record in a book to be provided and kept for that purpose, and the same, or a certified copy thereof, shall be evidence of the facts therein stated."

Section four of the act provides, that " upon the recording of the certificate aforesaid, by the Secretary of State, the persons associated shall be a body corporate and politic, by the name assumed in the certificate, and by such name shall be capable of sueing and being sued, pleading and being impleaded, contracting and being contracted with, of making and using a corporate seal of, and transacting the business of the association as a natural person."

From these provisions it will be perceived *when* such association shall be a body corporate, to wit, "*upon the recording of the certificate aforesaid.*" And it is further seen what shall be *evidence* of the incorporation, to wit, the " book to be provided and kept for that purpose," (the purpose of recording the certificate required by the act) " or a certified copy thereof," that is, of the record of the proper certificate. The certificate which the act requires the Secretary of State to issue and record is as follows, viz:


" STATE OF ILLINOIS,
"Office of Secretary of State.

" Be it known, that on this day, (A. B. &c., inserting the names at length) have filed in this office a certificate of their desire to become incorporated under the provisions of the Act of the General Assembly, entitled ' An Act to provide for the incorporation of transportation companies,' in the words following, (here copy the certificate), which said certificate having been executed and acknowledged, as required by the said act, the said parties are hereby declared to be incorporated, according to the provisions thereof.

" Given under my hand, &c."

The certificate attached to the evidence offered, was as follows, viz:

" UNITED STATES OF AMERICA, ⎱ ss.
     " State of Illinois.            ⎰

" I, O. M. Hatch, Secretary of State of the State of Illinois, hereby certify the foregoing to be a true and correct copy of the articles of association of the Galena, Dunleith and Minnesota Packet Company now on file in my office, and which were filed therein on the 13th day of December, A. D. 1855.

" In testimony whereof, &c."

From this certificate it does not appear that any such certificate as is required by the Statute of Illinois, has ever been issued or recorded by the Secretary of State, or that anything has been done by the corporators, save to file with the Secretary of State the articles of association. This is not sufficient under the act, to constitute them a body corporate. Something more is required, and the Defendants are not entitled to offer in evidence these articles, without showing that all the steps required by the statute to constitute the members of the corporation a body politic and corporate have been taken.

This evidence having been improperly admitted, it is unnecessary to consider the further objections to the testimony admitted by the referee, on the subject of user. However ample the testimony might have been in fact on this subject, it is doubtful whether it could have been properly admitted in this case even under a different state of pleadings, but as these stand, we do not think the organization and existence of the incorporation can be established by this species of proof.

The judgment below is reversed and a new trial granted,