## PERSSE & BROOKS PAPER WORKS *a.* WILLET.

*New York Superior Court; Special Term, March,* 1862.

FOREIGN CORPORATION.—SECURITY FOR COSTS.—IRREGULARITY.

A foreign corporation may sue in the courts of this State; and though bound to give security for costs, the filing of such security is not a condition precedent of its right to sue.

Their omission to file such security at the commencement of the action is merely an irregularity.

A motion to set aside any proceeding on the ground of irregularity must be made promptly, and before the moving party takes any other step in the cause.

This action was commenced in April, 1858, by the plaintiffs, a corporation created under the laws of the State of Connecticut. After being at issue, it was noticed for trial by both parties, and in January, 1861, was tried, the jury disagreeing. The plaintiffs suspended business in February, 1861, and subsequently all their property passed into the hands of a receiver. That the plaintiffs were a foreign corporation, appears to have been known to the defendant at the time of the commencement of the suit.

A motion was now made by the defendant to set aside all the

proceedings of the plaintiffs in the action, for the reason that security for costs had not been given, as required by law.

*John Sessions*, for the motion.

*Dudley Field*, opposed.

MONELL, J.—Prior to the adoption of the Revised Statutes, it had frequently been held by the courts of this State, that a foreign corporation might sue therein. (Silver Lake Bank *a.* North, 4 *Johns. Ch.*, 370 ; President, &c., of Lombard Bank *a.* Thorp, 6 *Cow.*, 46.) The Legislature, in the provision incorporated into the Revised Statutes (2 *Rev. Stat.*, 457, § 1), has merely enacted the common-law doctrine on this subject. It declares, that a foreign corporation, created by the laws of any other State or country, may, upon giving security for the payment of the costs of suit, prosecute in the courts of this State, &c. Independently, therefore, of the statute, a foreign corporation might sue in our courts ; and the only condition imposed by the statute is, that security for costs shall be given. I cannot perceive that this is a condition precedent, or that non-compliance with it would affect the jurisdiction of the court. I am inclined to regard it as an irregularity merely, through which the plaintiff is liable to have his suit dismissed on the application of the defendant. It was so held in Bank of Michigan *a.* Jessup (19 *Wend.*, 10), and in Onderdonk *a.* Ranlett (3 *Hill*, 323). This last case arose under the statute (2 *Rev. Stat.*, 227, § 17) authorizing a justice of the peace to issue a short summons when the plaintiff is a non-resident, and tenders to the justice security, &c. The court held, that the omission to make objection to the form of the bond, operated as a waiver of the irregularity.

The omission of the plaintiffs to give security for costs at the commencement of the suit being, therefore, an irregularity merely, can it be, and has it been, waived ? It is the well-settled practice of the courts of this State, that irregularities in any of the proceedings in an action must be taken advantage of, if at all, immediately after the irregularity is discovered, and the party is precluded from objecting if he takes any subsequent step in the cause. (1 *Burrills' Pr.*, 473, 4.) If the objection, therefore, is not promptly taken, it is deemed to be

waived, and the defendant is deprived of the right of afterwards objecting. There is not in theory any difference between the statute requiring foreign corporations to give security, and the statute requiring non-resident plaintiffs (natural persons) to give security. I had occasion quite recently to decide (Fearn *et al. a.* Gelpcke, 13 *Abbotts' Pr.*, 473), under the latter statute, that it was in the discretion of the court, whether a non-resident plaintiff should be required to give security; and upon a full examination of the subject, came to the conclusion that the defendant, by his laches in moving for the order, was deprived of the right of asking for it.

In this case, the defendant was apprised, at the commencement of the action, that the plaintiffs were a foreign corporation; and should have moved, without delay, to dismiss the suit. But he has laid by for four years, during which time the cause has been repeatedly noticed for trial, and once tried. The suspension and failure of the plaintiffs occurred, as alleged by the defendant, in February, 1861. It is too late, in my judgment, to move now. The defendant must be deemed to have waived the right to move, and his motion must therefore be denied, but without costs.