By the Court,
Moncrief, J.
There are several reasons why the order should be affirmed.
First. A motion to set aside a proceeding for irregularity must be made promptly, and before the moving party takes another step in the cause. (Persse & Brooks Paper Works v. Willet, 14 Abb. Pr. 119. Low v. Graydon, Id. 443. Lawrence v. Jones, 15 id. 110.) There was an interval of eight months between the entry of fhe order complained of, and the motion to set it aside. Many steps have been taken on the part of the defendant, and it is said the issues have been upon the day calendar during this preriod, and reserved ready- for trial, on her behalf.
Second. There was no irregularity in the order sought to be vacated. The ground suggested did not exist at the time it was entered.
Third. The order appears to have been made after consultation and full deliberation by eminent counsel on behalf of the respective parties, and there is no intimation that either gentleman was not as well informed upon the law, practice and forms in such cases, as they could have been, upon reading the opinions delivered at the general term, in May last.
Fourth. The order has been acquiesced in for eight months, *623 and the time to appeal has expired. The court cannot extend the time to appeal. (Code, § 405.)
Fifth. The issues sought to he expunged were made by the pleadings, and did not require to be settled. Issues of fact arise upon material allegations in the complaint, controverted by the answer.
Sixth. The issue tendered upon .the supplemental answer (if correctly set forth in the appeal papers,) was properly disallowed, for the reason that the answer contained no such allegation.
Seventh. A complaint is not fatally defective which alleges the commission of the offense “ within five years ” next before the commencement of the action. This is all the statute requires, in that regard. (2 R. S. 145, § 55, subd. 3.) The defendant may take issue upon such an averment, and proceed to trial, or he may require it to be made more definite and certain. (Code, § 160.) It was the practice, in the court of chancery, to have the charges of adultery made more explicit, at the time a feigned issue was applied for; and the court directed issues to be so framed that neither party could take undue advantage of the other, at the trial. (Wood v. Wood, 2 Paige, 108.) The Code provides protection quite as liberally. (§§ 173, 174, 390, 391. 14 Abb. Pr. 36. 7 How. 294. 3 Abb. Pr. 36.) Assuming a general charge to be true, the delinquent cannot desire to have it made more specific, and if the accusation be .false, no amount of critical nicety of variation can be useful to the person wrongfully complained of. The skill of the advocate must develops the perjury by cross-examination.
Lastly. The grievance alleged on behalf of the defendant is groundless in fact. The complaint tendered the issues, which were settled by the order of the 8th of October, 1864. The answer of the defendant did not tender the issue which was disallowed. The defendant, on the 31st of January, 1865, did not ask to have all the issues re-framed, or any one reformed or expunged, but simply asked for those created by her supplemental answer, called “ additional ” issues. The *624 defendant, feeling herself aggrieved by the refusal to allow a proposed issue, invoked the power of the court by appeal, and was advised by the general term that the order of disallowance was correctly made. If she had had proper ground of complaint against issues framed by herself in October previous, the same tribunal was open to redress error, if any was com-’ mitted.
The order must he affirmed.
Barbour, J. dissented.