## Roop *v.* Delahaye et al.

Pleading — *illegality of note made in foreign State.* To a declaration on a promissory note, a defense that the note was made in a foreign State, upon a consideration which was void under a law of that State, should be specially pleaded, and it cannot be received under the general issue.

Practice — *when objection should be made.* That an issue of fact was determined by the jury against the evidence, if not relied on as a ground for new trial in the court below, cannot be urged in this court.

Pleading — *immaterial issue.* To a plea that a promissory note was given for intoxicating liquors, sold in contravention of a statute of the State of Iowa, the plaintiff replied that by a certain other statute of that State certain persons who should give bonds and obtain from the *county judge* a permit were allowed to sell intoxicating liquors for purposes therein named, and that the plaintiffs procured from the *circuit court* a license to buy and sell, under and by virtue of which the intoxicating liquors, which were the consideration of said note, were sold to the defendant. The defendant rejoined that the said liquors were not sold by virtue of the said permit, nor for the purposes for which the same was granted. *Held*, that the issue was immaterial.

Practice — *when repleader may be awarded.* If, of several issues, one is immaterial and others are good, a repleader will not be awarded.

*Error to Probate Court, Arapahoe County.*

IN the first and second counts of the declaration the plaintiffs declared upon a promissory note for $451.69, dated January 5, 1871, payable sixty days after date. The declaration also contained the common counts ; to this the defendant, the present plaintiff in error, pleaded, first, the general issue ; second, that on the 23d of December, 1870, at Burlington, in the State of Iowa, against the form of the statute of the said State of Iowa, it was corruptly agreed between plaintiffs and defendant that plaintiff should sell to defendant a quantity of spirituous liquors, and that defendant then bought such liquors and gave the promissory note in suit therefor ; that the said sale was in violation of an act of the general assembly of the State of Iowa, which was set forth in the plea, and certain exceptions in the statute were negatived in the plea. To the second plea the plaintiff replied, first, that the said statute in the said plea set forth was not at the time of the giving of the note in the declaration mentioned, and when the said goods described in said plea were sold, in force, and concluded to the country; second, that said statute in said plea mentioned had been amended, which amendments were set forth in the replication, and thereby authority was conferred upon the county judge to grant permits to persons who were not engaged in certain kinds of business and who should comply with the law in respect to the giving of bonds and other formalities to buy and sell intoxicating liquors for mechanical, medicinal, culinary and sacramental purposes. And the plaintiffs averred that in pursuance of said acts they obtained and procured a permit to sell intoxicating liquors from the circuit court of the county of Des Moines in the State of Iowa, which permit was set out in the replication and appeared to be from the circuit court, attested by the seal of that court. And the said plaintiffs averred that the said liquors in the said second plea mentioned, and for which the note described in the declaration was executed, were sold by the plaintiffs to the defendant under and by virtue of the said permit.

The defendant rejoined that said liquors and goods men-
tioned in the said second plea were not sold by the plain-
tiffs to him under and by virtue of the said permit in said
replication mentioned, and for the purposes for which said
permit purports to have been granted, and concluded to the
country. Upon this rejoinder and the first replication and
upon the general issue, issue was joined and the cause was
brought to trial before a jury.

At the trial much evidence was given relating to the sale
of liquors, upon which it was alleged that the note was
given, and the statutes referred to in the pleadings were put
in evidence.

In a motion for new trial the defendant relied upon mat-
ters relating to the charge of the court to the jury, but no
objection was made to the finding upon the ground that it
was opposed to evidence. The plaintiffs had judgment and
the defendant sued out this writ of error.

Messrs. BELDEN & POWERS, for plaintiffs in error.

Messrs. HORNER & HARMON, for defendant in error.

WELLS, J. The conclusions to which we have arrived
in respect to the pleadings upon which the other issues in
this case were found seem to render it necessary to consider
whether the circumstance upon which the defense was
based, to wit, the alleged invalidity of the promissory note
declared upon, may be shown under the general issue.   In
general, the defense of illegality may be made under this
plea, but here the alleged illegality consists in a violation
of a statute of a foreign jurisdiction, which presents a
somewhat different question, and one upon which the
authorities are not numerous. In *Smith* v. *Whittaker*, 23 Ill.
368, where, under the plea of *non assumpsit*, the de-
fendant to an action upon a promissory note attempted to
show that the instrument was made in a foreign State, and
that the rate of interest reserved therein was greater than
that allowed by the statute of the foreign State, it was held

inadmissible. " The provisions of a foreign law," say the court, "is a fact which must be pleaded." The same rule was applied in *Mason* v. *Dousay*, 35 Ill. 425, where, in an action upon a parol acceptance of a bill of exchange, the defendant, under the plea of *non assumpsit*, attempted to show that the question of his liability was governed by the law of another State, and that under the statute of that State a parol acceptance was invalid. These are the only reported cases which have come to our notice, wherein the precise question now under consideration was presented. Decisions upon a somewhat analogous question are not, however, wanting. In *Faut* v. *Miller*, 17 Gratt. 67, which was an action of debt upon a Maryland contract, the supreme court of Virginia held that a special plea of usury was defective in not setting forth what the law of Maryland was. In *Chumasero* v. *Gilbert*, 24 Ill. 294, the plaintiff, who declared upon a promissory note, payable in New York city, attempted to recover interest according to the law of New York ; but this was held inadmissible, the declaration not having set forth the law. In *Holmes* v. *Boughton*, 10 Wend. 75, the defendant plead former recovery for the same cause of action in the county court of Rutland county, Vermont, and certain proceedings in execution thereon which were averred to be " according to the laws of the State of Vermont, and fully authorized thereby." On demurrer it was held that the proceedings under the execution upon the Vermont judgment not being according to the common law, the plea was defective for not setting forth the law of that State by which it was authorized. The decision in this case is based upon the authority of *Colleth* v. *Keith*, 2 East, 261, and *Walker* v. *Maxwell*, 1 Mass. 103. To the same effect are the cases of *Peck* v. *Hibbard*, 26 Vt. 268, and *Bingham* v. *Earl Wormington*, 3 M. G. & S. 153. Upon principle it would seem that where, as in this case, the plaintiff declares specially upon a contract which the defendant would avoid as in contravention of the law of another State, he ought to plead specially the fact that the contract was made abroad, and show the law of the foreign jurisdiction.

The declaration in such case sufficiently advises him of the particular contract which is the foundation of the action.   He is enabled, therefore, to set forth the foreign law, tender an issue thereon, and prepare himself to maintain that issue.   The rule, therefore, works no hardship upon him, whereas, to receive such a defense under *non assumpsit*, may possibly entrap the plaintiff into the trial of an issue for which he is in no way prepared.   We conclude, therefore, that the plea of the general issue does not present this defense.

The second plea averred that before the said time when, etc., the legislature of the State of Iowa had by a certain statute, which was set forth, prohibited the sale of intoxicating liquors, save imported liquors (which were permitted to be sold in the original package), and that the promissory note mentioned in the declaration was given in consideration of certain intoxicating liquors sold by the plaintiff to the defendant, at the State of Iowa, the same not being imported liquors, contrary to the form of the statute, etc.   To this plea the plaintiff replied, first, that the said supposed statute was not, at the said time when, etc., of force within the State of Iowa, and upon this was joined the second issue. The defendant upon the trial gave testimony sufficient to maintain this issue, which was not afterward rebutted. As to this issue, therefore, the verdict was against the evidence.   But the defendant did not bring this to the attention of the court below, his motion for a new trial going upon other grounds, and he cannot be heard to make this objection for the first time in this court.   By his second replication to the same plea, the plaintiff averred that after the enactment of the said supposed statute the legislature of the State of Iowa, by a certain other statute amendatory thereto, had enacted that any person, not of certain specified classes, might buy and sell intoxicating liquors, for mechanical, medicinal, culinary and sacramental purposes, upon first obtaining from the *county judge* a license thereunto ; and that before the said time when, etc., they had procured from the *circuit court* a license to buy and sell

for the purposes aforesaid, under and by virtue of which said permit, the goods and chattels which were the consideration of the said promissory note were sold to the said defendant. To this replication defendant rejoined that the said goods and chattels were not sold by virtue of the permit, in the said replication mentioned, nor for the purposes for which the same was granted, concluding to the country ; and hereon was joined the third issue.

By this rejoinder, the defendant passed by the allegations of the replication as to the supposed amendments of the statute (and so admits them), and traverses

1. The plaintiff's allegation that the liquors which were the consideration of the note were sold *by virtue of the said permit ;* and

2. (What was not alleged, except impliedly) that they were sold *for the purposes mentioned in the permit.* Now it is doubtful whether the first point of the traverse going to the *virtute cujus* is not ill (1 Ch. Pl. 612) ; but whether well or ill, inasmuch as the permit emanated from the circuit court, which had no authority in the premises, and was therefore void, the issue presented hereby was entirely immaterial.

The second traverse was also upon an immaterial point ; for, whether the liquors were sold for the purposes mentioned in the statute, or for other purposes, was of no consequence, unless plaintiff had the authority which the law required ; or, unless, possibly, either the plaintiffs or the defendant had such license. An unlicensed person could no more sell for a lawful than for an unlawful purpose ; but that either the plaintiff or defendant were lawfully licensed was nowhere alleged. As to both points, the issue joined upon this replication was, therefore, an immaterial one ; and a verdict thereon, whether for the plaintiffs or for the defendant, could determine nothing. It is all one whether as to this point the jury found in accordance with the evidence or against it, and inasmuch as all the instructions which were given were directed to the controversy upon this issue alone, it is unimportant whether they

correctly express the law or not.    The errors, therefore, are not well assigned.    Plaintiff in error having failed to present in the record the issue upon which he sought to make his defense, we have debated with some solicitude whether we should not award a repleader.    But, inasmuch as one material issue, to wit, that joined upon the plea of the general issue, was found for the plaintiff, it seems from the authorities that the plaintiff is entitled to judgment upon this.    *Payne* v. *Barnet*, 2 A. K. Marsh. 314 ; *Hartfield* v. *Patten*, Hemp. 271; *Pegram* v. *United States*, 1 Brock. 265.

The judgment must be

*Affirmed.*