---

## THE ALPS.

*(District Court, S. D. New York. December 28, 1883.)*

1. SEAMEN'S WAGES—FINES—DISCIPLINE.

   In modern maritime law fines upon seamen being a forfeiture of wages, *pro tanto*, cannot be imposed by the master by way of discipline and punishment for minor offenses, except as regulated and provided by statute.

2. SAME—MERCHANTS' SHIPPING ACT OF GREAT BRITAIN.

   The merchants' shipping act of Great Britain provides that the shipping articles may contain such stipulations for fines as may be approved by the board of trade. When such approved stipulations are a part of the shipping articles signed by the seamen, fines may be imposed accordingly by the master.

3. SAME—SHIPPING ARTICLES.

   Such fines, however, cannot be allowed in diminution of a seaman's wages except upon proof by the shipping articles that such stipulations were agreed upon.

4. SAME—SUMMARY PROCEEDINGS.

   In summary actions for seamen's wages, the authority of the statute is sufficiently pleaded by a general reference to the law of Great Britain. The court is authorized by section 4597 of the Revised Statutes to inflict partial forfeiture of wages for disobedience of lawful commands.

5. SAME—CASE STATED.

   Where a British seaman on a British vessel was fined by the master two dollars for foul language and quarrelsome conduct, and afterwards, on being required to listen to the reading of the entry on the log, imposing the fine, he refused to attend or listen, and was fined two dollars, being two days' pay for the last offense, *held* that, in the absence of proof of the shipping articles, the first fine could not be allowed or deducted from his wages, but that the last fine should be allowed by the court for the seaman's disobedience of a lawful command, under section 4597 of the Revised Statutes, as well as section 243 of the merchants' shipping act.

In Admiralty.

*Hyland & Zabriskie,* for libelant.

*McDaniel & Souther,* for claimants.

BROWN, J. This is an action for seaman's wages upon an English ship, for 45 days, from June 12 to July 26, 1883. When the libelant was discharged at this port his wages for that period unpaid amounted to $29.50, of which $25.50 has been tendered and paid into the registry of the court. The difference of $4 is a deduction by way of fines imposed by the master upon the seaman for alleged misconduct during the voyage; the first, a fine of $2 for violent and abusive language to the steward in the hearing of the master, upon some controversy in reference to the food, about 12 days before the arrival of the vessel in this port. An entry was made in the log as follows:

"Thomas McCormick came aft and made use of profane and abusive language to the chief steward, also trying to provoke a quarrel by calling the steward 'a bald-headed son of a bitch;' for each of the above offenses he (Thomas McCormick) is liable to a fine of one dollar, which will be enforced."

The seaman was not notified of the fine or of the entry in the log until the day preceding the arrival of the vessel at this port. He was called to hear the entry read, when he refused to attend or to listen to it; and for this offense the further fine of two dollars was imposed by the master, and entered in the log. The libelant claims that the deduction of these fines cannot be allowed in this action, because the right to impose them is not properly pleaded nor properly proved. The answer, after alleging the profane, abusive, and quarrelsome conduct of the libelant, states that he was "thereupon fined by the master, as was his power and duty to do, pursuant to said shipping articles and to the laws of said kingdom." The previous part of the answer avers that the ship was a British ship, and that the libelant signed shipping articles, to which reference was made as a part of the answer. No copy of the shipping articles is annexed to the answer, nor have they been put in evidence. So far as the right to impose a fine rests upon a foreign statute, it must undoubtedly be properly pleaded, (*Holmes* v. *Broughton*, 10 Wend. 75; *Andrews* v. *Herriot*, 4 Cow. 525; *Ennis* v. *Smith*, 14 How. 400, 426; *Harris* v. *White*, 81 N. Y. 544;) but under the brief and somewhat informal pleadings allowed by the rules of this court in small causes (rules 164–175) this objection should not be entertained where, as in this case, the opposite party cannot possibly have been misled.

The authority to impose these fines rests upon section 149, sub. 7, of the merchants' shipping act of Great Britain, which permits the shipping articles to provide stipulations in regard to fines and other lawful punishments for misconduct, provided these stipulations have been sanctioned by the board of trade. Such stipulations thus sanctioned, and forming a part of the shipping articles, become obligatory upon the seamen shipping under them; but as these shipping articles have not been introduced in evidence, no authority for the deductions here claimed is proved. They cannot, without proof, be presumed to have existed in a given case, because the allowance of such stipulations is merely permissive, and is never obligatory. They may have formed a part of the articles, or they may not.

Aside from these stipulations, the first fine of $2 cannot be sustained. Fines are *pro tanto* a forfeiture of wages, and under the modern maritime law, aside from statue, a forfeiture of wages is imposed only for misconduct of an aggravated character. By article 12 of the Laws of Oleron and article 24 of the Laws of Wisby, if one seaman "give another the lie, a fine of four deniers" was imposed; and if a mariner "impudently contradicted the master and gave him the lie, a fine of eight deniers." These small disciplinary fines have become obsolete with the currency in which they were imposed; and

under our statutes, (section 4596,) which is, in general, similar to section 243 of the British merchants' shipping act, no forfeiture of wages is incurred by quarrelsomeness or the use of foul language. The general maritime law empowers the master by means of other punishments to enforce proper discipline in these respects. Both of these statutes, however, authorize a forfeiture of wages for disobedience of lawful commands, in the discretion of the court, not exceeding two days' pay by the British statute, nor more than four days' pay by the statute of this country.

As the shipping articles have not been introduced in evidence, the first fine cannot be sustained; but the requirement on the twenty-sixth of July that the libelant attend to hear the entry in the log read, was a lawful command. Any such fines are by law required to be read to the seamen before entering the next port. Mer. Ship. Act, §§ 256, 244; Rev. St. § 4597. The libelant willfully disobeyed this last lawful command, for which the further penalty of two dollars was imposed, equal to two days' pay. I have very little doubt that the shipping articles, if produced, would show that the fines were lawfully imposed. The articles had been returned to England, and could not be obtained without some expense. Irrespective of them, the court may enforce, and in this case, I think, should enforce, a forfeiture of two days' pay for the libelant's disobedience to the lawful command to attend and hear the entry in the log read.

It is said that this court ought not to enforce fines imposed by an English statute not proved; but as the suit is within the discretion of this court to entertain, all parties being foreign, the libelant cannot complain that the court takes judicial notice of a statute of which there is no doubt.

Decree for the libelant for $27.50, and his disbursements, without other costs.