NEW YORK, May, 1824.

The People v. Vail.

---

THE PEOPLE *ex rel.* PALMER & TOMPKINS *against* VAIL, TOMPKINS & ALLEN, Commissioners of Highways of the Town of Newcastle, in the county of West Chester.

SEE this case ante, (1 Cowens' Rep. 589.)

*J. V. Henry* showed cause against the rule obtained at the last October term, which see (ante, 1 Cowens' Rep. 590,) against Nathaniel Hyatt, of Newcastle.

He read the affidavit of Hyatt, in which he stated, that he never had been a Commissioner of Highways of the town of Newcastle, but he did not deny having possession of the document sought by the relators.

*Henry* said that if he did not obtain the paper as Commissioner, this Court have no jurisdiction over him. They might have ordered a former Commissioner, to deliver an official paper ; but their power does not extend to an individual. Besides, there is another remedy. The relators may take issue upon the return to the mandamus; and compel Hyatt to produce the paper, by a *subpœna duces tecum*, on the trial. The Court will not interfere summarily, and compel the production of a paper in reference to a pending suit, for the inspection of the opposite party. Suppose a suit upon bond; a stranger gets possession of it ; you would put the party to his *subpœna.* If he disobeys this, you will attach him ; not before.

*S. A. Foot*, in support of the rule. The Court have taken cognizance of the subject matter by the writ of mandamus. Being thus possessed of the cause, they may exercise

The sworn application of 12 freeholders for a public highway, pursuant to the 16th section of the act to regulate highways, (2 R. L 275,) is a public document, open for inspection by all the inhabitants of the town in which the road is laid out, and belongs to the town clerk's office.

And if it come into the hands of a stranger, not a commissioner of highways, this court will compel him, by attachment, to file it with the town clerk for the inspection of a person who is a party to a suit in which the road is in question.

So for the inspection of one who is prosecuting a mandamus to compel the opening of the road.

their usual powers incident to a cause pending. The application was not on the ground that Hyatt *is*, but that he *was* a Commissioner. He was not a Commissioner when we applied. Our being mistaken, in supposing that he once held an office, cannot vary the principle. Whether he had been Sheriff, Clerk, Commissioner, or held any other office, could not affect our rights. The ground is that the paper is a public document belonging to the town Clerk's office of Newcastle, and which this Court, therefore, have the right to control. They ordered Hyatt to file the paper. This is not like the case supposed, of a bond; a mere private paper. But pursue the bond case a little farther: Suppose a bond put on file in the Clerk's office by order of this Court; an individual takes it from the office: The plaintiff is called on by rule to produce it; but it turns out that a stranger has it: Have not this Court the power of compelling him to bring it in? What difference, whether the proceeding be by *subpœna duces tecum*, or by rule and attachment in the first instance. This Court have, not only a supervisory control over inferior jurisdictions, but also over their records. Having this power, they have a right to whatever is essentially incidental to an exercise of that power. The record must be filed and placed within their reach, before they can use it.

*Henry*, said there is nothing in the statute requiring this paper to be filed in any office.

*Curia.* It is an inquiry more important, than difficult, whether our proceedings are to be obstructed in this manner by the improper interference of an individual. This man has possessed himself of a document, which is confessedly a public one. He now admits he has the paper in question. A rule has been served on him, by which he was required to file it; but he replied that he had not, and would not do it; and this Court had no power to compel him. No authorities to show the summary power of the Court in such a case were cited on the argument, nor indeed was this necessary. That we possess the power both upon principle and authority, we do not entertain a doubt. A

party has brought his suit, the successful prosecution of which from the commencement to the termination, depends upon the inspection of this paper. Delay him till the state of the proceedings will admit of a *subpœna duces tecum*, and he may be finally defeated by a variance. To avoid this, the rule was made to file it. It is a record of the town of Newcastle, and every inhabitant of that town has a right to its inspection. It belongs to the Clerk's office of that town. The proceeding before us by mandamus was with a view to compel the opening a highway described in this paper, which is the original application of the freeholders. It came into the hands of this Hyatt, who sets the public justice of his country at defiance, by peremptorily refusing to produce it. The books are full of cases where the inspection of public documents has been ordered. A few familiar instances are those of corporation books, parish registers, books of the India Company, books of a bank, and the Court rolls of a manor, &c. (Vid. Phil. Ev. ed. of 1820, 328, 9, 330, and the cases there cited.) Is a public document to be placed beyond reach of the Court, because an interested individual chooses to plunder the office where it is deposited, or arrest it on its passage there ? Suppose this had been an indictment, or other paper belonging to the files of a Court, could it be withheld under this pretence? The authority of this Court would indeed be nominal, (and the numerous authorities on this head but an idle theory) if it depended for its exercise on the avarice or fraud of any individual whether in office or not. The case may also be put upon the plain principle which punishes an obstruction of our process; as a rescue. A case directly in point, in every particular, can hardly be expected. It is without precedent in this Court ; and we trust that such a high handed measure will not be repeated. The course to be pursued is too plain, both upon principle and authority to warrant us in dilating farther. We are called upon to punish this man ; and he must be attached.

Rule for an attachment.