New-York Special Term, December, 1847.
*Edmonds,* Justice.

## Casey *vs.* Casey.

The plaintiff, in a bill for a divorce on the ground of adultery, may state any matter of evidence, or any collateral fact, the admission of which by the defendant, may be material in establishing the general allegations of the bill, as a pleading; or in ascertaining or determining the nature, extent, or kind of relief to which the plaintiff may be entitled; or which may legally influence the court in determining the question of costs.

It is not impertinent for the wife, filing a bill against her husband for a divorce, to aver therein that the defendant has abandoned her, and neglected to provide for her.

In Equity. Exceptions to bill for impertinence. The bill was filed by the wife against her husband for a divorce *a vinculo*, on the ground of adultery, and contained an averment that the defendant had abandoned his wife and neglected to provide for her. This averment was excepted to.

*J. B. Scoles,* for the defendant.

*Barnard & Parsons,* for the plaintiff.

Edmonds, J. A plaintiff may state in his bill any matter of evidence, or any collateral fact, the admission of which, by the defendant, may be material in establishing the general allegations of the bill as a pleading, or in ascertaining or determining the nature, extent, or kind of relief to which the plaintiff may be entitled; or which may legally influence the court in determining the question of costs. And where the averment in the bill may, if admitted by the defendant, or established by proof, thus affect the decision of the cause, it is relevant, and cannot be excepted to as impertinent.

The averment here excepted to may affect the decision of the court, not only as to alimony, part of the relief prayed for, and as to the costs, but also as corroborative of the principal charge of adultery. It cannot, therefore, be impertinent; and the exception is overruled.