## SUPREME COURT.

### THE EXCHANGE BANK vs. GEORGE MONTEATH and others.

It was not intended, by the adoption of the 8th, 9th, 10th and 11th rules, to confine the discovery of documentary evidence to the two cases mentioned in the 8th rule. But all proceedings instituted under § 388 of the code must be governed by its provisions, uncontrolled and unaffected by the rules.

*It seems,* that if a proper case for discovery should be made by *affidavit* instead of a petition (which is required by the R. S.) an order should be granted; and that it is not necessary that the facts should be made to appear by the oath of the party. They may be shown by the oath of any other person. Nor is it necessary for the party to swear that the books, &c. *are not* in his possession or under his control. It is enough for him to show that they *are* in the possession of the adverse party.

*At chambers, Dec.* 1849.—This was an application by the plaintiffs for an order that the defendants give the plaintiffs an inspection and copy, or permission to take a copy of certain books, papers and documents described in the petition, and alleged to be in the possession or under the control of the defendants. The petition states that the books, papers and documents "*are necessary to enable the plaintiffs safely and properly to prepare for trial, and that they contain evidence material to the merits of the action.*" It also alleges that the books, &c. are in the possession, or under the control of the defendants, and then proceeds to set forth the facts in respect to which it is supposed they will furnish material evidence.

The petition is verified by the affidavit of the plaintiffs' attorney, who states that *he believes* the matters set forth in the petition to be true; that he has stated the case to the plaintiffs' counsel, and is advised by him that the discovery sought is necessary, to enable the plaintiffs properly and safely to prepare for trial, and he believes it to be true. He further

states that none of the plaintiffs' officers are in this state, and that the books, &c., are not in the possession or under the control of the plaintiffs, as he is informed and believes.

The defendants produced an affidavit of George Monteath, one of the defendants, stating that the issue was joined in January, 1849, and that the action has been noticed for trial at several circuits since, and is now noticed for trial at a circuit to be held in Albany on the first Monday of December; that the drafts sought to be recovered in this action were fraudulently made and loaned to the Canal Bank, shortly prior to its failure, by Thaddeus Joy, who was then an agent of the defendants, and without their knowledge or authority, and that the facts were concealed from the defendants, until after the failure of the bank; that the books were kept by Joy, and, up to the time of his resignation, most of them were so kept by him that none of the defendants had access to them, or any knowledge of their contents; that he, the deponent, is now the defendants' agent, and has the entire charge of their affairs, and that he has not in his possession or under his control all the books, &c., specified in the petition.

M. T. REYNOLDS, *for plaintiffs*.

P. CAGGER and J. K. PORTER, *for defendants*.

HARRIS, Justice.—I had supposed that the 388th section of the code was intended to embrace, and did, in fact, embrace every case in which a party should have the right to claim from his adversary a discovery of documentary evidence. It authorizes a discovery of any books, papers, and documents in the possession or under the control of the adverse party containing evidence relating to the merits of the action or the defence therein. The order may be made at any time after the commencement of the action. I cannot conceive of a case proper for a discovery in which it would not be authorized by this section. But some of the judges who met at the general session of the court, held in August last, thought otherwise. Hence the 8th, 9th, 10th and 11th rules were adopted, with a view to provide for a discovery in cases where it should be needed to enable the party seeking it, properly to frame his pleadings under the still unrepealed provisions of the Revised Statutes. It certainly was not intended by the adoption of those rules, to confine the discovery of documentary evidence to the two cases mentioned in the 8th rule. On the contrary, I understand it was intended to leave all proceedings instituted under the 388th section of the code to be governed by its provisions, uncontrolled and unaffected by the rules. Such, at any rate, is the case. If, therefore,

the plaintiffs have presented a case which, by the provisions of the code, entitles them to a discovery, the rules cannot operate to deprive them of their right. Under the Revised Statutes the party seeking a discovery must proceed by petition; but I suppose that, under the code, if a proper case for a discovery should be made, by affidavit, the court or judge should make the order. All that is required is, that it should be made satisfactorily to appear that the party against whom the application is made, has in his possession, or under his control, books, papers, or documents, "containing evidence relating to the merits of the action, or the defence therein." Upon showing this, if, after *due notice* to the adverse party, no good cause be shown against it, the party making the application is entitled to his order for an inspection and copy, or permission to take a copy. I do not deem it necessary that the facts should be made to appear by the oath of the party: they may be shown by the oath of any other person. Nor is it necessary in such an application, for the party to swear that the books, &c., *are not* in his possession or under his control. It is enough for him to show, what the statute requires, that they *are* in the possession, or under the control of the adverse party; and in this respect, it is sufficient if he shows a state of facts, which satisfies the court or officer that the party, against whom the application is made, has the ability to comply with the order for a discovery. It is true, that the application is addressed to the discretion of the court or judge; but in the exercise of that discretion, no officer would feel himself justified in withholding an order for a discovery, when satisfied that the application is made in good faith; that the party against whom it is made has the ability to comply with the order, and that the books, &c., of which a discovery is sought, contain material evidence. Guided by these principles, I have no doubt of the plaintiffs' right to an inspection of the books, papers and documents mentioned in their petition. I shall, therefore, direct that within three days after service of a copy of the order, the defendants give to the plaintiffs the inspection for which they ask, with permission to take a copy of so much of the books, papers and documents, as relate to the merits of the action.