## NEW-YORK COMMON PLEAS.

### ELLERT, respondent, agt. KELLY, appellant.

When a judgment for the plaintiff in the marine or justices' court is reversed in this court on appeal, without an award of judgment final for the defendant upon the merits, such reversal is not conclusive of the rights of the parties; and in such case the costs incurred by the defendant, in his defence in the court below, cannot be allowed to him, and included in the judgment of reversal in the appellate court.

Whether such costs should be allowed to the appellant, (on appeals from those courts;) when the appellate court not only reverse the judgment, but also order a judgment final for the appellant upon the merits?—*Quere?*

Does § 330 of the Code apply to appeals from justices' courts to the common pleas?

*General Term, January,* 1855.
INGRAHAM, First Judge; DALY and WOODRUFF, Judges.

———————, *for respondent.*
——— ———, *for appellant.*

By the court—WOODRUFF, J. The plaintiff recovered a judgment in the marine court against the defendant. Upon appeal to this court, the judgment was reversed, for errors committed by the court below upon the trial, appearing by the return. Such reversal was ordered with costs to the appellant; but this court did not deem the case exhibited by the return such an one that we could order a judgment final for the defendant upon the merits, and therefore reversed the judgment only.

The defendant afterwards applied to this court, at special term, for an order directing the clerk, upon the adjustment of his costs on appeal, to insert therein the *costs incurred* by *him* in *defending* the suit in the marine court. His motion was denied at special term, and he was confined to the costs of reversal and restitution of the costs paid on perfecting his appeal—(to wit, the plaintiff's costs paid into court, and the costs

Ellert agt. Kelly.

of the return.) From the denial of this motion, the defendant appeals to the general term.

It is insisted by the counsel for the appellant, that § 330 of the Code applies to appeals from the marine and justices' courts to the court of common pleas; and that it is by that section made the duty of the appellate court, upon the reversal of a judgment, to award to the appellant the costs incurred by him in the court below, as "property or rights lost by the erroneous judgment."

But it by no means follows, from a mere reversal of the plaintiff's judgment, that the defendant was entitled to judgment in *his own favor* in the court below, and to his costs in that court as a part of that judgment. The case was one in which, had we any authority to order a new trial, such an order would have been made, with costs to abide the event. Had we deemed it a case in which we could do justice between the parties by pronouncing a judgment upon the merits, we should have done so; but, otherwise, we had no alternative but to reverse the judgment, and so leave the merits undecided. The plaintiff is, therefore, not concluded, but may prosecute further if so advised.

Upon a reversal, with an award of final judgment in the defendant's favor, it may be urged with much force that the defendant lost, by reason of the erroneous judgment, the costs he incurred in his defence in the marine court. Such was, in substance, the case of *Estus* agt. *Baldwin*, (9 *How. Pr. Rep.* 80,) in which the reversal is intimated by the court to have been a final determination of the rights of the parties. And such is the effect, in general, of a reversal by a court having power to order a new trial, if such reversal is made final.

The case above referred to, (*Estus* agt. *Baldwin*,) though an appeal from a county court to the supreme court, in a case originating in a justices' court, seems to indicate that § 330 of the Code applies to appeals from justices'; and since the decision of the motion herein, a case was presented to this court at special term, in which one of the judges (the judgment on

appeal being final) held that section applicable to such appeals. On the other hand, it is manifest that many of the sections of chap. 1 of title 11 of the Code, although entitled "of appeals in general," do not apply to appeals from justices' courts, *e. g.*, § 324, § 328, § 331, § 332; and it has been doubted whether the order on appeal from justices', is not governed solely by § 354, § 364, § 366, § 368, § 369, § 370, and § 371, of chap. 5. And this court have uniformly held that that portion of § 330 which authorizes the appellate court to order a new trial, has no application to such appeals.

But, without deciding whether the residue of the last named section does or does not so apply, we are decidedly of opinion that the defendant in this case cannot recover his costs incurred below, even under its provisions; and therefore that the order appealed from, in the present case, was correct, and should be affirmed.

There has been no final determination between the parties. It does not appear that the appellant has lost his costs—(incurred below)—*by reason of the erroneous judgment*. *Non constat*, that he would have recovered those costs if the error had not been committed. On the contrary, the judgment might have been *against him* if the errors had not occurred. It may prove, in the end, that the plaintiff is the party who has lost costs, as well as been delayed in the enforcement of his rights, by reason of the error.

The errors committed were a sufficient reason for relieving the defendant from the erroneous judgment itself; but the reversal did not decide directly, nor by implication, that the defendant is not liable, or that he will not be so found, on a trial in which no error is committed, by excluding legal evidence offered by him, or receiving any which should be rejected.

When we are satisfied that all proper evidence was received, and the whole case is developed, we have power to order final judgment for the party prevailing on appeal; and when not so satisfied, we can only reverse, and leave the parties to a further prosecution; and in the latter case, we do not, and can-

Symonds agt. Peck, and Peck, jr.

not determine whether the defendant has *lost* his *costs by reason of the error* or not.

Without, therefore, passing upon the question, whether § 330 of the Code applies to appeals from the marine and justices' courts, the order appealed from must be affirmed.

---

## SUPREME COURT.

JOHN L. SYMONDS agt. HENRY PECK, and PHILIP PECK, jr.

The 398th section of the Code says, that no person offered as a witness shall be excluded by reason of his *interest* in the event of the action; and section 399 says, that the last section shall not apply to a *party* to the action, nor to any person *for whose immediate benefit* it is prosecuted or defended.

This last provision, that it shall not apply to a party to the action, does not mean to embrace that class of cases embraced by section 390, which gives the plaintiff the right to call either of the defendants, or either of the defendants to call either of the plaintiffs as a witness.

But a person incompetent to testify as a witness for a party, cannot be rendered competent by being made a party to the record.

An assignee in trust for the benefit of creditors, who prosecutes an action for the recovery of possession of premises assigned, may have the benefit of the testimony of the *assignor*, whether the latter is a party defendant or not. Although the assignor may be interested in the event of the action, that alone is not sufficient to disqualify him as a witness. Nor is such an action prosecuted for the *immediate benefit of the assignor* within the meaning of the Code, and therefore he is not disqualified from being a witness on that ground. (*This agrees with Davies and Rockwell agt. Cram and others,* 4 *Sand. S. C. R.* 355; *and Allen and others agt. The Franklin Fire Insurance Company,* 9 *How. Prac. R.* 501; *and is adverse to Fitch agt. Bates,* 11 *Barb.* 471.)

Where premises have been sold on judgment and execution, and bid off by a purchaser, and redeemed by a junior judgment creditor, and again redeemed from the latter by another junior judgment creditor, the *judgment debtor* can not set up an objection to the title, that the first judgment on which the premises were sold, had been paid and satisfied before the first redemption. No matter to him whether that judgment had been paid or not; he neglected to redeem within the year allowed him; and if the judgment creditors redeemed after the year expired, it was, as to him, *res inter alios acta.*