Barbour, J.
As I understand the section of the Code which is relied upon by the moving party here (§ 388), it is not essential that the two letters now in the hands of the plaintiff’s counsel may, if produced, be read upon the trial by the defendant. It is sufficient, it appears to me, if they contain evidence relating to the merits of the action which may be read by either of the parties. Those letters appear to me to be a portion of a series of letters written by the defendant to the witness, who has been examined and has testified to the contents of the others which have been destroyed, and it is reasonable to assume that they relate to the same subject matter. It they do, there is no reason why the counsel of the defendant should not be permitted to examine and take copies of them, in order that they may protect themselves against surprise upon the trial, *235 which appears to have been one of the objects of 'the section; if they do not, such inspection cannot harm the plaintiff.
Henry A. Cram, for the appellant.
I. An order granting a discovery is an appealable order (Woods v. De Figaniere, 25 How. Pr., 522).
II. The motion should have been denied, because the petition is not verified by the defendant, and no sufficient excuse is shown for the omission (Exchange Bank v. Monteath, 4 How. Pr., 280).
HI. The petition itself is insufficient and defective. It does not show that the letters contained evidence relating to the merits that the petitioner could ever use—it showed directly the reverse,that the petitioner could never give the letters in evidence. A discovery for the purpose of the trial has never yet been extended to the papers that the other side alone can use (Hoyt v. American Exchange Bank, 1 Duer, 652; Cassard v. Hinman, 6 Id., . 695; Pegram v. Carson, 10 Abb. Pr., 340 ; S. C., 18 How. Pr., 519 ; Wilkie v. Moore, 17 Id., 480 ; Morrison v. Sturges, 26 Id., 177).
IV. On all the papers the motion should have been denied. It appearing from the defendant’s papers, that the description of the letters applies to those that were destroyed, and not to those in the possession of the Hon. Murray Hqefmar, there remains no description of them whatever, and no reason of any kind assigned in the papers for their discovery (Rouse v. Whited, 25 N. Y., 170).
Elbridge T. Gerry and John McKeon, for the respondent.
—1/ The letters, to obtain copies of which this motion was made, clearly .relate to the merits of the action. 1. The ground on which the plaintiff seeks his divorce, is the alleged adultery of the defendant. The answer denied the allegation, and after issue joined, the witness, Mrs. Bedell, was examined to sustain the charges in the comolaint. She swore to receiving letters *236 from the defendant, which she had destroyed, and the contents of which she undertook to state as showing “ confessions’-’ of the acts charged. Two letters she had not destroyed, but handed over to the counsel for her brother, at his request. 2. Obviously these letters are the connecting links in the series, as subsequent letters were received and destroyed' by Mrs. Bedell. Non con- „ stat but that those kept explain the preceding, or nullify the “confessions” she.says they contained. 3. The affidavit of the plaintiff as to their relevancy is of no moment. Coming, as it does, from a prejudiced and interested party, and unsupported by the certificate or advice of counsel, its statements are not entitled to any consideration, and should be wholly disregarded. 4. Ho copies of the letters having been kept, or any memoranda of their contents retained by the defendant, it is necessarily impossible for her to state more fully their relevancy to the issues in the case; and as the plaintiff has not produced them for the inspection of the court, the latter can only judge of their relevancy by applying the maxim noscitwr a sociis.
*235 The order must be granted as to the two letters in the possession of the plaintiff’s counsel. The letters written by the defendant to J. Cotton Snith, do not appear to be in the hands of the plaintiff or those of his counsel. The order will be settled upon two days’ notice.
From the order made upon the foregoing motion, the plaintiff now appealed to the general term.
*236 II. It is not pretended that the letters were not written by the respondent, that they are not in the possession of the appellant’s counsel, or that they are not intended to be used in evidence on the trial—indeed; these facts are admitted expressly in the papers in opposition to the motion. 1. Substantively, then, the concession is, that certain letters have been obtained from a witness by counsel; that they are to be used in evidence; but that because the witness has not shown their technical relevancy to the issue, the defendant is not entitled to copies of them so as to avoid surprise on the trial. 2, The possession, by the plaintiff’s counsel, is technically sufficient to warrant the granting of the order appealed from, as he could be compelled to produce them (People v. Vail, 2 Cow., 623, affirming S. C., 1 Id., 589).
HI. But, under the leading case in this court, the grbunds on which the order appealed from was granted were ample to sustain it (Code, § 388 ; Woods v. De Figaniere, 25 How. Pr., 522, and cases cited and reviewed by Chief Justice Robertson ; Fergson v. Hely, 10 Irish Jurist [N. S.], 34; Kelly v. Eckford, 5 Paige, 548 ; Davis v. Dunham, 13 How. Pr., 425 ; Gelston v. Marshall, 6 Id., 398; Keeler v. Dusenbury, 1 Duer, 660).
IY. The application, in the first instance, rested in the discretion of the court at special term. Unless there is some substantial error on the face of the papers or order appealed from, *237 it is submitted that the court, at general term, will not inquire as to whether the discretion was properly exercised in the first instance (Code, § 388).
V. It is very possible that Mrs. Bedell has, through mistake, given a very erroneous view of the supposed contents of the destroyed letters. A cross-examination by new (commission, based on these letters, and an exhibition of copies to the witness, might make perfectly manifest the errors in her recollection (Malin v Malin, 1 Wend., 625; Stone v. Ramsay, 4 Monroe [Ky.], 236, 240, 241; Allen v. Young, 6 Id., 136 ; Snelling v. Utterback, 1 Bibb, 609; Morris v. Morris, 2 Id., 311; Bernard v. Flournoy, 4 J. J. Marsh, 101, per Underwood, J.; Myers v. Baker, Hardin [Ky.], 549 ; Beers v. Broom, 4 Conn., 247; S. C., 2 Id., 467, sub nom. Beers v. Hawley, in point).
YI.—The order should be affirmed, with costs.
By the Court.*—Robertson, Ch. J.
The order appealed from appears to have been based upon the assumption of a fact, a principle, and a presumption of law, none of which, in' my judgment, can be, sustained.
The fact assumed is, that the letter in question belonged to a series, which of course implies some connection with each other, whereas nothing of the kind appears anywhere in the papers before us ; all the parts of a connected correspondence having relation to the same subject, may undoubtedly become evidence where one is introduced; but no such presumption could arise in regard to friendly letters between intimate connections. In the case of Ferguson v. Hely (10 Jurist, N. S., 34, .February No., 1865), the motion was granted expressly upon the ground that the correspondence was an entirety, and the parts required to be produced contained evidence in favor of the defendant, to show a rescission of the contract sued upon. There is no pretence in this case, except by surmise, of counsel, that the letters in question contain anything favorable *o the defendant. On the contrary, the suggestion was made that the defendant was entitled to an inspection of them, the better to enable her to explain on the trial any unfavorable statement in them.
The principle of law applied was that the 388th section of *238 the Code did not require that documents, the production of which was sought for under it, must be such as could be read by the applicant on the trial. That section does not require that they shall contain evidence in relation to the matter to be tried, but divides such evidence into that relating to the merits of the action, and that relating to the defence, evidently intending by the former an application by the plaintiff, and in the latter one, by the defendant. If it had been intended that either litigant had a right to know what evidence his adversary intended to introduce against him, such principle would have included the briefs, memoranda of law and facts of counsel, and instructions of their clients, as well as other documents; and indeed, should extend to an oral examination of the parties themselves. The law has always considered sacred the rights of both parties to keep secret their preparations and means of attack and defence, the right of discovery being confined entirely to the evidence in the applicant’s favor.
But even if this section (388) were capable of such latitudinarian construction, there is no room for its application in this case; since there is no proof before us that the letters demanded contain any evidence relating to the matters in issue.
And lastly, it was presumed that such letters being part of a series as they are called, must have' related to the same subject. I know of no principle upon which every friendly letter between the same parties is to be presumed in law to continue to advert to some one subject, or that confessions of guilt on that subject may be supposed to be reiterated, or protestations of innocence inserted in every one; everything is sometime or other brought to an end, and every subject is sometimes absent from our thoughts or writings. Even a friend does not always continue to be confessor, and there is no experience of mankind which warrants the conclusion adopted in this case.
The application was made upon slight grounds: the want of possession of copies of the letters, or recollection of their contents is not sworn to by the- defendant, but by a third person alone, and that, too, not on information and belief. How it is possible for one person to testify to the want of such possession qnd recollection by another, I am at a loss to conceive. It has not the support of even information to that effect by that other, and confidence in it by thé recipient. ' Even the *239 residence of the defendant is unknown to her brother, and no communication seems to have passed between them since the examination of Mrs. Bedell. The petition is also vague in not stating how the person verifying it obtained the information that such letters were to be used on the trial, or who has such intention. At all events, the intention would be of little avail, if they were not admissible as evidence.
II. May, 1865.—Appeal from a portion of an order made at special term, settling additional issues.
In the month of January, 1864, the plaintiff brought this suit to obtain a divorce from his wife on the ground of her alleged adultery. An answer was interposed denying the adultery, coupled with a plea of forgiveness of any offence complained of. Upon these pleadings, issues of fact to be tried by a jury were framed and settled by the court, the first of which was, “ Has the defendant, since her marriage with the plaintiff, committed adultery with Edward H. Strong ?” After the cause had been at issue over six months, the defendant moved for leave to file a supplemental answer setting up the plaintiff’s adultery with a Mrs. Electa M. Potter. Justice MoCuiot granted the motion (29 How. Pr., 432), but struck out certain of the allegations in the *240 proposed supplemental answer. In settling the issues arising on the amended pleadings, he refused to allow the following one, and from his order the present appeal was taken.
*239 It is true that the petition states that such letters are, as the defendant is advised by her counsel, material and necessary for the defence of the defendant, which consists of a denial of the allegations of the complaint; but the advice of counsel or belief of a party cannot be substituted for the judgment of the court, upon the facts and circumstances showing the necessity of the productions which are to be spread before it (McAllister v. Pond, 15 How. Pr., 299; Jackling v. Edmonds, 3 E. D. Smith, 539). The court, therefore, not having before them sufficient information of the contents of such letters, to enable it to decide that they would be either prejudicial or beneficial to either party as evidence, ought not to compel their production: as the application becomes thereby entirely a fishing one. The order appealed from should be reversed with costs.
McCunn, J:, dissented.
*240 “ Has the plaintiff, since his marriage with the defendant, and before the commencement of this action, committed adultery with one Electa M. Potter ?”
Elbridge T. Gerry and John McKean, for the appellant.
I. The issue proposed and rejected was framed with the intent of meeting the first issue framed upon the original pleadings. 1. Such an issue would have been a proper one in the first instance, had the answer been original and not supplemental; the person, with whom the adultery was charged being expressly named in the issue proposed, and only the time and place of the adultery being laid as unknown, (a.) In substance, there being a claim for affirmative relief in the supplemental answer, it was equivalent to a cross bill for divorce. (5.) In such a bill the complainant has a legal right to show material acts tending to sustain the charges on which it is based; even if in addition to specific allegations there be an averment of alia enormita (Ingersoll v. Ingersoll, 1 Code Rep., 102; Casey v. Casey, 2 Barb., 59). 2. Such an issue is warranted by precedent (Forrest v. Forrest, printed ease in this court, and in the Court of Appeals, fol. 1797).
H. Nor was the disallowance of the proposed amendment a matter of discretion with the court below, and therefore not properly renewable on appeal. It affected a substantial right, by depriving the appellant of the opportunity of proving any> acts of adultery with Mrs. Potter, the very essence of the answer, save' those especially alleged in the supplemental answer. 1. Allowing a defendant to put in a supplemental answer setting up a new defence, which, if established, will be fatal to plaintiff’s action, has been held to be a matter of discretion, but such as can be appealed from (Harrington v. Slade, 22 Barb., 161). 2. If this be so, all the issues which naturally arise out of the answer ought to be reviewable on appeal, and the order should be so modified with costs.
Henry A. Cram, for the respondent.
I. In making the application to file a supplementary answer, the defendant must state specifically what he wishes to put on the record in order *241 that the court may judge how far his application is reasonable (1 Barb. Ch., 166, citing Curling v. Marquis of Townsend, 19 Ves., 628).
II. The adultery must be specifically charged with such cer tainty as to time, place and person, that the defendant may be able to meet the fact at the trial; otherwise the court will not award a feigned issue (Codd v. Codd, 2 Johns. Ch., 224; Wood v. Wood, 2 Paige, 109).
III. The name of the person with whom the adultery was committed must be stated, if known. If not known to the complainant, that fact should be averred, and the time, place and circumstances of the adultery should be stated (2 Barb. Ch., 256 ; Codd v. Codd, 2 Johns. Ch., 224; Wood v. Wood, 2 Paige, 109; Bokel v. Bokel, 3 Edw., 376).
By the Court.*—Robertson, Ch. J.
The appeal in this case presents the question, whether the learned justice who settled the issues in it, was warranted in refusing to permit an issue whether the plaintiff was guilty of adultery at any time before the commencement of this action, with the person mentioned in the defendant’s supplemental answer, to be tried at the same time with the others. It is very evident that the jurors who are to try such issue, could answer such question in the affirmative, without at all agreeing as to the occasion of the offence. Ho issues ought properly to be tried, except what will affect the decision, and both parties are bound to point out, with reasonable precision, the particular circumstances intended to be established, by time and place, as well as person. The statute as well as all the authorities, requires this (Codd v. Codd, 2 Johns. Ch., 224; Wood v. Wood, 2 Paige, 108; Bokel v. Bokel, 3 Edw., 376 ; 2 Barb. Ch., 256). The other issues in the case are fully as wide as the defendant was entitled to ; the twelfth and thirteenth of each issues cover all the time between the 1st of September, 1861, and the 1st of May, 1862, everywhere in the city of Hew York; the fourteenth covers all the time from the 1st of May, 1864, to the 16th of January last, and the same area of locality. Such issues correspond with the allegations in the answer. There is no allegation in the answer of a commission of the of-fence named in such rejected issue, with the party therein. *242 named generally, without reference to time or locality. It consequently is not one of the “ facts contested in the pleadings ” in this action which the statute authorizes to he tried as an issue (2 Rev. Stat., 145).
III. June, 1865. The defendant then moved at special term to vacate the order settling the issues on the original pleadings, on the ground that those issues were improperly framed within the above decision. The court denied the motion, and the defendant appealed to the general term.
John McKeon, for the appellant.
Henry A. Oram, for the respondent.
The order appealed from should be affirmed, with costs.
Order accordingly.
By the Court.*—Moncrief, J.
There are several reasons why the order should be affirmed. First—A motion to set aside a proceeding for irregularity must be made promptly, and before the moving party takes another step in the cause (Persse & Brooks Paper Works v. Willet, 14 Abb. Pr., 119 ; Low v. Graydon, Id., 443; Lawrence v. Jones, 15 Id., 110).
There was an interval of eight months between the entry of the order complained of and the motion to set aside. Many steps have been taken on the part of the defendant, and it is said the issues have been upon the day calendar during this period, and reserved ready for trial on her behalf.
Second—There was no irregularity in the order sought to be vacated ; the ground suggested did not exist at the time it was entered.
Third. The order appears to have been made after consultation and full deliberation by eminent counsel acting on behalf of the respective parties, and there is no intimation that either gentleman was not as well informed upon the law, practice and forms in such cases, as they could have been, upon reading the opinions delivered at the general term, in May last.
Fourth—The order has been acquiesced in for eight months, and the time to appeal has expired. The court cannot extend the time to appeal (Oode, § 405).
Fifth—The issues sought to be expunged were made by the *243 pleadings, and did not require to be settled. Issues of fact arise upon material allegations in the complaint, controverted by the answer (Code, § 250).
Sixth—The issue tendered upon the supplemental answer (if correctly set forth in the appeal papers) was properly disallowed, for the reason that the answer contained no such allegation.
Seventh—A complaint is not fatally defective which alleged the commission of the offence “ within five years ” next before the commencement of the action. This is all the statute requires in that regard (2 Rev. Stat., 145, § 55, subd. 3). The defendant may take issue upon such an averment and proceed to trial, or he may require it to be made more definite and certain (Code, § 160). It was the practice in the Court of Chancery to have the charges of adultery made more explicit, at the time a feigned issue was applied for, and the court directed issues to be so framed that neither party could take undue advantage of the other at the trial (Wood v. Wood, 2 Paige, 108). The Code provides protection quite as liberally (§§ 173, 174, 390, 391; 14 Abb. Pr., 36 ; 7 How. Pr., 294; 3 Abb. Pr., 36). Assuming a general charge to be true, the delinquent cannot desire to have it made more specific, and if the accusation be false, no amount of critical nicety of variation can be useful to the person wrongfully complained of;— the skill of the advocate must develope the perjury by cross-examination.
Lastly—The grievance alleged on behalf of the-defendant is groundless in fact. The complaint tendered the issues, which were settled by the order of the 8th October, 1864. The answer of the defendant did not tender the issue which was disallowed. The defendant, on the 31st January, 1865, did'not ask to have all the issues reframed, or any one reformed or expunged; but simply asked for those created by her supplemental ' answer called “ additional ” issues. The defendant, feeling herself aggrieved by the refusal to allow a proposed issue, invoked the power of the court by appeal, and was advised by the general term that the order of disallowance was correctly made. If she had had proper ground of complaint against, issues framed by herself in October previous, the same tribunal was open to redress error, if any was committed.
The order must be affirmed.
Barbour, J., dissented.

 Present, Robertson, Ch. J., Garvin and McCunn, JJ.

 Present, Robertson, Oh. J., Barbour and McOmra, JJ.

 Present, Moncbief, Barbour and Garvut, JJ.