HILYARD v. THE TOWNSHIP OF HARRISON.

1. At common law, and independently of recent statutes, courts of law had the power to order inspection of papers, which, by the pleadings or by being used in evidence, came within the control of the court. But the court, in exercising this control over papers, will merely grant inspection and examination by the party and his witnesses, either in open court, or before an officer of the court, or in the presence of the party producing them, or his attorney, and will not take them from the latter and deliver them into the possession of the other side.

2. *Quere.* Who is entitled to the custody of the duplicate of the assessment of taxes, and the tax warrant, issued for unpaid taxes, after the collector of taxes is out of office?

Argued at February Term, 1874, before Justices BEDLE and DEPUE.

For the motion, *Moore* and *Browning.*

Contra, *P. L. Voorhees* and *S. H. Grey.*

The opinion of the court was delivered by

DEPUE, J. The plaintiff was collector of taxes for the township of Harrison for the years 1862, 1863, 1864 and 1865. This action was brought against the township to recover moneys alleged to have been over-paid by the plaintiff, in his settlement with the township authorities. The cause was referred at the circuit to a referee. At the hearing before the referee, the plaintiff produced and offered in evidence the duplicates of the assessment of taxes for those years, and the warrants for taxes unpaid, which duplicates and warrants have remained in his possession since he received them for the purpose of collecting the taxes.

The plaintiff having rested his cause, the counsel of the defendants demanded that the duplicates and warrants be delivered to him for inspection and examination. The referee directed that the duplicates and warrants be delivered to the defendants counsel, and the plaintiff's counsel having refused

to comply with such order, the further hearing of the cause was adjourned without a day.

It appears by the depositions that the counsel of the plaintiff offered to permit the examination of the papers in his office and in his presence, but that he declined to permit the defendants' counsel to take the papers into his possession, and remove them from his custody, and that before the referee he expressed his willingness to have them before the referee at all times for the purpose of inspection and examination by the defendants counsel.

Application is now made to this court for an order to remove those papers from the possession and control of the plaintiff's counsel, and to put them into the possession of the opposite counsel, until a reasonable time is afforded for inspection and examination.

The motion is made on these several grounds: First, that the duplicates and warrants do not belong to the plaintiff, and that he has no right to the possession of them; that they belong to the defendants and should be in their care and custody, or in the custody of the clerk of the township, who is the legal custodian of the records and papers of the township. Second, that the said duplicates and warrants, and an accurate knowledge of their contents, are essential in preparing the defence. Third, that the same having been offered in evidence, the referee directed the plaintiff to deliver the said duplicates and warrants into the possession and under the control of the defendants counsel, for such reasonable time as would be necessary accurately and properly to ascertain their contents. And fourth, that the possession and retention of said duplicates and warrants are, as against the defendants, illegal and fraudulent.

In The People v. Vail, the Supreme Court of New York directed a person, who was not a party to the action, to file with the clerk of the town the original application on which a public highway had been laid out, and enforced obedience to the order by attachment for contempt. 1 Cow. 589; 2 Cow. 623 In that case the document was unquestionably a public

record, whose legal custodian, by statute, was the town clerk, and which had been obtained surreptitiously by a private individual having no claim whatever to its possession. The proceeding before the court was under a *mandamus* to compel the opening of the highway, which was like to be defeated by the abstraction of part of the record. The order of the court was made in the cause as ancillary to the proceeding, and under its prerogative powers over inferior tribunals, and their records.

It is not necessary on this motion to decide whether duplicates of the assessments of taxes delivered to the collectors, and the warrants issued for unpaid taxes, are public records. They are undoubtedly official documents of an important character. But that they are public records of such a nature as that their preservation *in perpetuam rei memoriam* is a matter of public concern, will admit of grave doubt. Nor is it clear who is the legal custodian of such documents after their office as a means of collecting the taxes, has been performed. By the tax law, the assessor of each township is required to make out an exact list of persons, lands, chattels, effects and estates, including certainties made ratable by law, by which all assessments shall be made. The several assessors are required to meet together at a time and place designated, and at such meeting each assessor is required to furnish an abstract from his tax book of ratables, lands, chattels, effects, estates and certainties from which the board of assessors are to ascertain the amount of certainties to be rated, and to estimate the estates, real and personal, returned by each assessor at such valuation as they think reasonable and just, and thereby to fix the proportion of tax to be levied and collected in each township. Within a specified time after such meeting, it is made the duty of the assessor of each township, to deliver to the township collector a true transcript or duplicate of said assessment. (*Nix. Dig.* 938.) This transcript or duplicate is the authority of the collector to receive the taxes assessed. In case any taxes remain unpaid at a day specified, a list of defaulters is returned by the collector to a justice of

the peace, by whom a warrant to collect the same of the delinquents, is issued to the collector. (*Nix. Dig.* 940, 957.) The warrant being returned to the justice with the manner of execution, is re-delivered to the collector if not fully executed, (which is generally the case,) to be further proceeded on. No provision is made for the return of the duplicate, or for any other return of the warrant, nor for their deposit with any official custodian, when the collector is out of office. In practice, he retains possession of the duplicate, and generally, as an act of courtesy, delivers it to the succeeding assessor, to aid him in making the new assessment. In law, the collector is regarded as the custodian of the duplicate and tax warrants. Writs of *certiorari* to remove assessments for review, are directed to him while in office and after his term has expired. Indeed, the act of 1873, seems to recognize the collector as the only custodian of the duplicate. (*Acts*, 1873, *p.* 57.)

A decision or even an expression of opinion on this point, is not at present required. The township authorities are not before the court in a proceeding to compel the performance of official duty by the defendant. They are here as parties to a civil suit, the gravamen of which is an allegation that the township is indebted to the plaintiff for moneys overpaid to it by him as collector. The only power this court has over these documents at this time, arises from the fact that they have been produced in evidence, and the court should not in this side bar way—admitting of no review—dispose of their possession, if there is a doubt as to who is the legal custodian. Mandamus, replevin or trover is the appropriate means of presenting the question of the right of custody or property for adjudication.

The success or failure of this motion will depend on the power a court of law has over papers and documents produced in evidence, or which are in the possession of one party, and contain matters essential to the case of his adversary.

At common law and independently of recent statutes, courts of law had the power to order inspection of papers which, by the pleadings or by being used in evidence, came within the

control of the court. When any deed is showed in court, the deed, by judgment of law, doth remain in court all the term at which it is showed, for the whole term is as one day, and the party may demand oyer during the time it is so in court. *Wymark's Case*, 5 *Rep.* 74; *Simpson* v. *Garside*, 2 *Lutwyche* 705. A new trial having been granted, the court allowed the plaintiff inspection of a deed read in evidence by the defendant at the first trial, but denied it as to another deed, the execution of which was admitted at the former trial, but which was not offered in evidence. *Hewitt* v. *Pigott*, 7 *Bing.* 400.

But the court, in exercising this control over papers and documents offered in evidence, will merely grant inspection and examination by the party and his witnesses, either in open court or before an officer of the court, or in the presence of the party producing them, or his attorney, and will not take them from the latter and deliver them into the possession of the other side. 2 *Taylor on Ev.*, § 1593; *Thomas* v. *Dunn*, 6 *M. & G.* 274.

The counsel of the plaintiff having tendered the duplicates and warrants for inspection and examination without surrendering possession, the defendants, under that privilege, might have obtained all the rights in the premises they were entitled to.

The motion is denied, with costs.

Justice BEDLE concurred.