.(16 Misc. Rep. 430.)

## FROST v. FROST.

(Onondaga County Court. March, 1896.)

JUSTICE COURT—REVERSAL OF JUDGMENT.

    Where a judgment rendered by a justice of the peace in an action to recover chattels or their value was merely reversed on appeal to the county court, a judgment entered on the reversal to the effect that defendant was entitled to a return of the chattels, or their value if a return could not be had, is not in accordance with the decision of the county court, and such judgment, and an execution issued thereon, will be set aside.

Action by H. Walter Frost against Helen F. Frost to recover certain chattels, or their value. A judgment in favor of plaintiff, rendered in the justice's court, was reversed (37 N. Y. Supp. 18), whereupon defendant entered judgment that defendant was entitled to a return of the chattels or to their value, if a return could not be had. Execution was issued on the judgment. Plaintiff moves to vacate the judgment and the execution issued thereon, on the ground that the judgment did not conform to the decision. Granted.

James E. Newell, for plaintiff.

William Gilbert, for defendant.

ROSS, J. The only judgment which could be rendered upon the appeal by the county court was to affirm or reverse the judgment of the justice in whole or in part. Code Civ. Proc. § 3063. And the effect of a reversal is to leave the parties litigant in the same condition as they were prior to the rendition of any judgment. Freem. Judgm. § 481; Platz v. Vinegar Co., 7 Misc. Rep. 476, 28 N. Y. Supp. 385. In a proper case, restitution may be compelled, but, if not made upon the hearing, must be enforced by a motion pursuant to the terms of section 3058, Code Civ. Proc. (see Wait, Law & Prac. 1031), and cannot be ordered, as of course, by the clerk. Jacks v. Darrin, 1 Abb. Prac. 233. The special term case of Estus v. Baldwin, 9 How. Prac. 80, cited by the defendant's counsel, apparently was a decision upon the merits, for the court says, "But, where the judgment of the appellate court is the end of the action, * * * I think it is imperative upon the court to order restitution. * * *" For anything that appears to the contrary, a restitution may have been asked in the Estus Case, upon the hearing; but in this case the judgment was not upon the merits, but was upon an error in fact, which did not affect the merits at all. In Ellert v. Kelly, 10 How. Prac. 392–394, the following language is used: "When we are satisfied that all proper evidence was received, and the whole case is developed, we have power to order final judgment for the party prevailing on appeal; and, when not so satisfied, we can only reverse, and leave the parties to a further prosecution."

A motion to vacate the judgment and to set aside the execution issued thereon is granted, and the same, and each of them, are hereby vacated and set aside, with $10 costs to the plaintiff of this motion, but without prejudice to the defendant's entering a proper judgment upon the decision rendered upon the appeal herein, and to make such motion as she may be advised with reference to restitution. Ordered accordingly.