(20 Misc. Rep. 641.)

### HODECKER v. HODECKER.

(Supreme Court, Special Term, Monroe County. July, 1897.)

ACTIONS—JOINDER OF CAUSES.

　　In an action for limited divorce by wife, a complaint alleging cruelty and desertion by husband, and fraud in securing a release of dower rights, and also praying for provision for support, and for a temporary injunction against alienation of property by husband, does not state more than one cause of action, viz. that for separation.

Action by Anna Hodecker against Frederick Hodecker. On demurrer to amended complaint on the ground that it avers more than one cause of action, viz. one for divorce and one for fraud. Overruled.

The complaint is as follows:

The plaintiff, for her amended complaint herein, respectfully alleges:

(1) That the parties to this action intermarried more than twenty years ago in the city of Rome, in the state of New York, under the rites of the Roman Catholic Church, and after such marriage removed and have resided in the city of Rochester, in said county, and are now actual inhabitants of the said state, and still husband and wife; that the law of said church forbids absolute divorce between married persons, and plaintiff is a devout Catholic.

(2) And the plaintiff further alleges that at the said city, since said marriage, the defendant has treated her in a cruel and inhuman manner, and since about the year 1890 has there been addicted periodically to the excessive use of intoxicants, and in his fits of drunkenness, or while under the influence of alcoholic stimulant, has repeatedly committed acts of cruelty and violence upon plaintiff, and in particular as follows: That, at said city of Rochester, defendant, without cause or provocation, some time in the latter half of November, 1896, on a day which she is now unable exactly to specify, spat into plaintiff's face while she

46 N.Y.S.—68

was walking upon the public highway, and about her business; that defendant's entire course of conduct towards plaintiff in said city, with rare intervals, has been for a long period uniformly cruel, abusive, and brutal, he being constantly in the habit of applying abusive epithets to her, of threatening her with violence, and of striking and attempting to strike her.

(3) And the plaintiff further alleges that for the past six years the defendant did wrongfully and willfully conspire and plan to abandon plaintiff, and wrongfully and willfully abandoned plaintiff, and has, since November 28, 1896, refused to return to her, and expelled her from and denied to her his residence, and still refuses and neglects to live and cohabit with her, and to provide and maintain her, though at said last-mentioned date she caused a certain writing to be personally served upon defendant, in which she expressly desired and required of him, in substance, to live and cohabit with her as his wife, and to admit her to his domicile; and also to take back any and everything he ever gave her, which she then and there unconditionally offered to return and tendered to him,—all of which he refused to do, and has since continuously persisted in refusing to do, as well as to support and maintain her in a manner suitable to his means and station in life. That although plaintiff has always conducted herself towards defendant as a faithful and obedient wife, the defendant disregarded his duties as a husband, and has been willfully absent from and deserted the plaintiff within six years past without any cause or justification therefor; and, as she is informed and believes, now has his household managed by a young single woman named Emma Stricker, wholly apart from plaintiff, in pursuance of his said intention as aforesaid, and said conspiracy as aforesaid, to wholly and willfully abandon plaintiff, and to willfully desert her, contrary to section 1762 of the Code of Civil Procedure, under the provisions of which law, and no other, she expressly limits, intends, and brings her action in the foregoing premises. That this course of treatment and conduct has caused plaintiff great pain, humiliation, and distress of mind, and injured her in her fair fame and good name among people and through the community. That the defendant, in further pursuance of said conspiracy and of his said course of cruel and inhuman treatment and willful abandonment and desertion as aforesaid of plaintiff, falsely and unlawfully pretends to sustain the married relation to said woman Stricker as aforesaid, and has falsely permitted, countenanced, aided, and abetted, and falsely permits, aids, abets, and countenances, the said woman as aforesaid, in said city, and to all persons, falsely and unlawfully personate plaintiff, and in such assumed character as aforesaid to falsely pretend that she, said Stricker, is the wife of defendant, knowing the same to be false, all to plaintiff's great distress of mind, pain, and humiliation, and to the injury of her good name and fair fame in the community, and all without her connivance, privity, procurement, or consent. That the defendant does all of said acts as aforesaid, and knowingly allows said Stricker, as aforesaid, to do the same with the express intention of making his said abandonment as aforesaid of plaintiff irreconcilably permanent; and proof of all of said acts will be given in this behalf at the trial hereof.

(4) That defendant owns real and other estate to the amount of over $60,000 as plaintiff is informed and believes. That during said marriage plaintiff gave and also allowed to defendant the use of large sums of her own money, being her personal and separate estate. That as part of defendant's said plan and conspiracy as aforesaid to abandon plaintiff at said city of Rochester some time prior to the commencement of this action, on a day which plaintiff is now unable exactly to specify, the defendant, in order to obtain and secure from plaintiff a release of her dower in his said real estate, having falsely represented or caused to be represented to her in substance and effect that the whole of his estate and property of every name and nature did not in value exceed $40,000, and defendant, then and there well knowing that said representation was wholly false, did fraudulently cause and induce the plaintiff to release her dower rights to his said realty upon the express agreement that he did and would then and there split into two equal parts (meaning divide equally) for her every dollar which he had in the world, meaning thereby all of his said property, both real and personal, in consideration, among other things, that plaintiff would release her right of dower in and to defendant's said realty. That at said time defendant was worth over $60,000 in real and other property, yet plaintiff did not have the means or information to establish the last fact, nor

did she know the same, but, on the contrary, she relied on defendant and de-, fendant's said false representations as aforesaid, and believed the last to be true in all things, whereby said defendant wrongfully and fraudulently succeeded in defrauding this plaintiff by causing and inducing her as aforesaid to release her said right of dower in defendant's real estate and property as aforesaid, which she did, and parted with for defendant's sole benefit, among other things, valuable considerations, for less than the amount of one-half of defendant's said property as aforesaid by a sum exceeding $25,000, to which extent, and even more, the said fraud of defendant as aforesaid prejudiced and injured her in her property rights as the lawful wife of defendant in and concerning defendant's said property as aforesaid. That the plaintiff then and there did, fulfilled, and in all things performed her part of said agreement fairly, faithfully, and honestly, and defendant obtained and received all the benefit of said performance; but the defendant wholly omitted and neglected, and has since neglected and omitted, and still omits and neglects, wholly to fulfill and perform his part of said agreement, and the same never was performed by him to her; all to her great pain, injury, and humiliation, and the prejudice of her said dower rights as the lawful wife as aforesaid of defendant. That said agreement was in writing, executed by the parties to this action. That plaintiff fears defendant will dispose of said real estate pending this suit or hereafter to the irreparable loss or prejudice of her said dower and other marital rights as aforesaid therein, and leave the country, without making any provision for her support and maintenance as hereinafter prayed. Wherefore the plaintiff demands judgment for a separation from the bed and board of defendant, and that a reasonable provision for the support and maintenance of the plaintiff, suitable to her husband's means and station, be made out of the property of defendant; also that defendant be restrained from conveying away said real estate under said agreement in writing more particularly mentioned and specified in part 4 hereinbefore, to defeat plaintiff's said dower interest and marital rights therein, with costs.

Jacob Spahn, for plaintiff.
Werner & Harris, for defendant.

DUNWELL, J. The amended complaint, demurred to, cannot be fairly said to state more than one cause of action, viz. for separation. The allegations in respect to defendant's deceitful conduct in obtaining a release of plaintiff's right of dower in defendant's real property may be considered as of some materiality in interpreting his other alleged improper conduct towards the plaintiff. In a complaint for separation it is common practice to ask for a pecuniary provision to be made for the wife. The allegation in respect to dower and prayer for an injunction may not be altogether inappropriate in connection with these features of the case. Casey v. Casey, 2 Barb. 59; Vermilyea v. Vermilyea, 14 How. Prac. 471. The demurrer must be overruled, with costs of demurrer to plaintiff, with leave to defendant to serve an answer to the amended complaint within 20 days from service of the judgment overruling the demurrer, and upon payment of the costs of demurrer.

Ordered accordingly.